ANTONIO LOPEZ v. THE STATE.

No. 5148. Decided January 22, 1919.

**Local Option—Bill of Exceptions—Practice on Appeal.**

Where, upon appeal from a conviction of a violation of the local option law, appellant's bill of exceptions did not show in what connection the excluded testimony came, or why he was seeking to introduce it, and under the court's qualifications, the testimony was admissible, there was no reversible error.

Appeal from the District Court of Brooks. Tried below before the Hon. V. W. Taylor.

Appeal from a conviction of violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*J. W. Wilson,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law, his punishment being assessed at one year confinement in the penitentiary.

There is but one bill of exceptions found in the record. It recites that while the State's witness Pena was being cross-examined by appellant he propounded the following question: "Was the money that was taken in put in that box?" The purpose of the question was to show that all money taken in at the gambling house was put in a box which, it had been theretofore shown, was for the purpose of placing money and other things, and the prosecution objected to said question upon the following ground: "We would like for that question to be confined to the question in issue." This was sustained, and the question was excluded. The reply would have been: "Yes, all money that was taken in was put in that box, and the money I paid him was placed in that box." Appellant excepted to the ruling of the court. The judge qualifies this bill, and among other things states: "The witness had already testified on cross-examination by defendant's counsel that there was a drawer or box there where they kept the decks, chips, cards and money where he was gambling, and the witness was permitted to testify as to what was done with the money he gave for the booze, and he testified that the money he gave for the booze was delivered in each instance by him to Pancho Perez, and upon one or more occasions by Pancho to Antonio Lopez, the defendant, and when not

delivered to the defendant Pancho, that it was not placed in said box, but placed in Pancho's pocket, and when delivered to Antonio, placed in Antonio's pocket; the witness testifying absolutely contrary to what defendant says he expected to prove by him." This is a quotation from the judge's qualification.

The bill is too indefinite and does not make it appear just what was the object and purpose of the introduction of the excluded testimony or its connection with the facts in regard to selling the whisky. The witness Pena was the main State's witness. He testified to the sale by appellant to himself of more than one bottle of mescal. This was denied by appellant. We think the bill of exceptions is indefinite. It does not show in what connection the testimony came, or why he was seeking to introduce it. Under the court's qualification the testimony was admissible. The facts further show that there was a gambling game in progress; that appellant was present, and when the witness desired to buy intoxicating liquors the defendant went away and came back directly with the mescal, and the witness Pena paid him for it. This occurred five times during the time witness was at the game and was purchasing mescal from appellant. This is the testimony of Pena. There was an issue between the State's witness and the appellant with reference to this matter. He denied having mescal; also that he sold or was interested in selling intoxicants to Pena. Pena got the mescal from someone, and became very drunk. His testimony with reference to the last two or three bottles he bought was somewhat erratic and confused because of his drunken condition. We are of opinion that the bill of exceptions shows no error. If Pena gave the money to Pancho, and Pancho gave it to appellant, and appellant brought the intoxicating liquors and gave it to the witness, it still would be a sale by appellant. This court does not feel justified in reversing the judgment.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### January 22, 1919.

DAVIDSON, Presiding Judge.—Appellant, by his motion for rehearing, urges misconduct on the part of the jury in hearing evidence from one or more of the jurors which was not introduced during the trial. The affidavit of the juror Major is attached to the motion for new trial in support of the allegation of such misconduct. The judgment recites that the court heard the evidence and overruled the motion for new trial. The record does not contain a verification of the facts of this ground of the motion, either by bill of exceptions or a statement of facts.

In order to have this question reviewed it is necessary that such evidence as was introduced should be perpetuated either in the statement of facts or a bill of exceptions reciting the facts, approved by the judge

and filed during the term. We take the record as it is made as being correct. The affidavit of the juror is not evidence unless it was introduced as such on the trial of the motion. Had the evidence been approved by the judge in a statement of facts or bill of exceptions and properly filed it would have presented the question for revision. The affidavit attached to the motion is but a pleading which authorizes the introduction of supporting evidence. It is not evidence within itself, and in order to constitute it evidence it should have been introduced as such on trial of the motion and shown to have been so introduced in one of the ways specified. This has been the rule under the authorities and decisions of this court. Sharp v. State, 71 Texas Crim. Rep., 633. A great many cases could be cited to the same effect but we deem it unnecessary, but cite Reyes v. State, 81 Texas Crim. Rep., 588, 196 S. W. Rep., 532, for a long list of such cases.

The judgment recites that evidence was heard and the motion overruled. What that evidence was is not shown in any way in the record that is before us, therefore we can not review the question suggested by the affidavit. The evidence may not have supported the affidavit or pleading. The court in the judgment found it insufficient for that purpose and overruled the motion.

The motion for rehearing is therefore overruled.

*Overruled.*