LATTIMORE, Judge.
 

 Appellant was convicted in the distinct court of Hill County of selling intoxicating liquor, and his punishment fixed at one year in the penitentiary.
 

 The testimony for the State shows beyond question a sale of whiskey by appellant to the prosecuting witness. The record contains four bills of exception, the first of -which complains of the fact that witness Lambert was permitted to testify that on the day of the alleged sale of intoxicating liquor he gave three dollars to the party who purchased the whiskey from appellant. There was no hearsay evidence admitted, and we fail to discern the validity of the objection. If the State could introduce in evidence no testimony of any transaction save such as took place in the presence of appellant, it would be impossible for the State to ever make out its case.
 

 The next bill of exceptions presents appellant’s complaint of the asking of a question which was answered in the negative. There is
 
 nothing
 
 hurtful in
 
 the
 
 question asked, and the answer resulting in the dieting of no testimony injurious to the appellant, we percieve no error in the matter complained of.
 

 
 *595
 
 Appellant also has a bill of exceptions to the overruling of his motion for new trial based upon newly discovered evidence. The order of the learned trial court recites that when the motion for new trial came before him he heard same and the evidence then presented and overruled the motion. It is the holding of this court since the Black case, 41 Texas Crim. Rep. 185, that all matters relating to errors in the overruling of motions for new trial, which involve the hearing of evidence and the preservation of same as showing the error, must be filed during term. Ash v. State, 245 S. W. Rep. 927. The trial term ended on June 23rd and the bill of exceptions was not filed until July 14th thereafter. The State insists that we cannot consider said bill because filed too late and we are in accord with this contention.
 

 The remaining bill of exceptions complains of the rejection of the answer to a question propunded to prosecuting witness while on the stand, the question being as follows: “How long had it been since you had some whiskey on hand?” As stated in the bill, the object of the defense in asking this question seems to have been to show that the liquor the prosecuting witness had at the time, had been gotten by him at Clebmme and not from appellant. If such was the purpose of the question, it was not apparent from the form of same. It is stated in the bill that appellant expected to show by said witness that he had only one lot of whiskey or what was claimed to be whiskey in his possession on that day. No witness was introduced on the trial of the ease who swore that the prosecuting witness had gotten the liquor, claimed by him to have been obtained from appellant, at Cleburne, nor was any statement made by said prosecuting witness introduced to that effect. In this condition of the record we think the learned trial judge justified in holding he question and its answer immaterial and irrelevant to any issue in the case.
 

 Finding no error in the record, the judgment will be affirmed.
 

 Affirmed.