Ben Holliday v. The State.

No. 9115.    Delivered May 20, 1925.

**Theft Misdemeanor—Motion For New Trial—Bills of Exceptions—Practice.**

Where the objections to the admission and rejection of evidence are presented for the first time in a motion for a new trial, they will not be considered. The motion for a new trial cannot be treated as a substitute for a bill of exceptions to the receipt or rejection, of evidence. Following Howard v. State, 143 S. W., 178 and other cases cited.

Appeal from the County Court of Dawson County. Tried below before the Hon. Dixie Kilgore, Judge.

Appeal from a conviction of theft a misdemeanor; penalty, a fine of $25.00 and one day in the county jail.

The opinion states the case.

*J. E. Garland & Philip Yonge,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Theft is the offense; punishment fixed at a fine of twenty-five dollars and confinement in the county jail for one day.

Apparently the appellant and Rhodes resided upon adjoining farms. Appellant's wife and the wife of Rhodes each owned a number of turkeys. Rhodes' turkeys frequented the watermelon patch of the appellant. Appellant sold seventeen turkeys to the witness Wilkerson. They were later claimed by Mrs. Rhodes and surrendered to her by Wilkerson. One of these turkeys had a string upon its leg which was identified by Mrs. Rhodes as having been put upon her turkeys. Upon the premises of the appellant were found twenty turkeys in a pen or coop. Upon their release they went to the home of Rhodes. In the coop where the twenty turkeys and the seventeen turkeys had been confined, there were found by Mrs. Rhodes ten strings which were introduced in evidence and identified by her as having been put on her turkeys. Mrs. Rhodes missed thirty-seven turkeys, and according to her testimony, she recovered twenty from the coop upon the appellant's premises and seventeen from the witness Wilkerson. She was not able to identify the turkeys except by the circumstances of the strings.

Appellant testified and explained his connection with the matter. He said that his wife owned seventy-five turkeys and that Mrs. Rhodes owned about two hundred; that he noticed some strange turkeys among those of his wife and thought they belonged to Mrs. Rhodes. At the request of his wife, he and his son penned the turkeys and later took them to town and sold them. It was his intention to sell the remainder of the turkeys in the coop, but, for lack of room in his car, they were not taken at the same time that he took the seventeen.

Wilkerson, the purchaser of the turkeys, gave the appellant a check, payable to his wife, which he delivered to her. He did not know what became of the money.

The testimony of Mrs. Holliday was that she believed the turkeys sold had been raised by her; that if she had known the contrary, she would have driven them away.

There are no complaints of the testimony received. Appellant, however, advances the idea that the evidence is insufficient in that it is conclusive that he sold the turkeys at the request of his wife and that there was nothing to show any fraudulent intent or that he appropriated the proceeds. From the appellant's testimony it appears that he believed the turkeys belonged to Mrs. Rhodes. He

apparently knew that they did not belong to him or to his wife. The position is taken that since the wife of the appellant did not know that the turkeys belonged to Mrs. Rhodes and she having directed him to take possession of and sell them, that her innocent intention would inure to the benefit of the appellant. This position is not regarded as sound.

The evidence is deemed sufficient to support the verdict of the jury finding that the turkeys which the appellant sold and which were penned belonged to Mrs. Rhodes and that in selling them, he intended to deprive her of her value. Apparently the evidence is sufficient to affect the appellant's wife with a similar knowledge. However, whether her intent was fraudulent or not, the evidence is sufficient to support the finding of the jury that such was the intent of the appellant. The authorities cited to the point that an indictment is incomplete when it fails to charge an intent to appropriate the stolen property to the benefit of the taker, are not pertinent.

Some of the evidence received was improper, but we find in the record no bills of exception showing that objections were urged against it upon the trial. Such reference to this improper evidence as is found is simply presenting in the motion for new trial a matter of which complaint was made for the first time. In order for this court to review the receipt of improper evidence, the law demands that a bill of exceptions be taken to the ruling of the court in receiving it, or at least to his failure to exclude it. The motion for new trial cannot be treated as a sutstitute for a bill of exceptions to the receipt of evidence. Howard v. State, 143 S. W. Rep. 178; Terry v. State, 73 Texas Crim. Rep. 79; Vernon's Tex. Crim. Stat., Vol. 2, p. 536, note 20, also page 534, note 15; Franklin v. State. 63 Texas Crim. Rep. 438; Watson v. State, 87 Texas Crim. Rep. 180; Reid v. State, 226 S. W. Rep. 408; Baker v. State, 87 Texas Crim. Rep. 213.

The judgment is affirmed.

*Affirmed.*