OSCAR VOLANTINO v. THE STATE.

No. 9146. Delivered June 26, 1925.

Rehearing Denied October 14, 1925.

1 —Manufacturing Intoxicating Liquor—Evidence—Reopening Case—Discretion of Court.

Where on a trial for manufacturing intoxicating liquor, the state was permitted to reopen the case, and introduce testimony, after both the state and defendant had closed, such procedure was proper and no error was committed.

101 Tex. Crim.—21.

**2.—Same—Continued.**

The matter of confining the State strictly to rebuttal testimony is a question largely confided to the sound discretion of the court, and in the absence of a showing that this discretion has been abused, this court will not reverse on account thereof. There is no suggestion in this record that the trial court discretion was abused, in the particular complained of by appellant.

**3.—Same—New Trial—Newly Discovered Evidence—Practice.**

Where a motion for a new trial is predicated upon newly discovered evidence, and on the hearing of same evidence is submitted, and the record fails to disclose that the evidence taken on the hearing of said motion was preserved by proper bill or in any other manner, there is nothing brought forward to this court for review, it being presumed by us that the trial court was correct in overruling the same. Following Harcrow v. State, 97 Tex. Crim. Rep. 273.

Appeal from the District Court of Franklin county. Tried below before the Hon. R. T. Wilkinson, Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, two years in the penitentiary.

The opinion states the case.

*Wilkinson & Wilkinson,* and *J. A. Ward,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the district court of Franklin county for unlawfully manufacturing liquor and his punishment assessed at confinement in the penitentiary for a term of two years.

The evidence is amply sufficient to support the verdict.

There are but three bills of exception contained in this record and each of them complains at the court's action in permitting the State to reopen the case after the defendant's testimony had closed and offer testimony which the defendant claimed was not in rebuttal of any testimony offered by him. The first of these bills of exceptions shows that the court offered to permit the defendant to offer any other evidence he desired and the defendant stated that he had none. The matter of confining the State strictly to rebuttal testimony is a question largely confided to the sound discretion of the trial court and in the absence of a showing that this discretion has been abused, this court will not reverse on account thereof. In this case, there is no suggestion in this record that the trial court's discretion was abused in the particulars complained of and appellant's complaints with reference thereto are without merit and are overruled.

In his brief appellant complains at the court's action in refusing to grant him a new trial on account of newly discovered evidence. The order of the court overruling the motion for a new trial states that the court overruled the same after he had heard the motion and the evidence submitted thereon, and the record fails to disclose that the evidence taken on said motion for a new trial was preserved by proper bill of exception or in any other manner, and in this state of the record there is nothing before this court for review. In the absence of the testimony heard on the motion for new trial and where the order overruling same shows that evidence was heard, it will be conclusively presumed that the trial court acted correctly in overruling the same.

There being no errors in this record it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING

LATTIMORE, JUDGE.—It is settled by the decisions of this court that when the order of the trial court recites that evidence was heard by him in passing on the motion for new trial, and there is no evidence preserved and here presented by proper bill of exceptions, we will assume that the judgment of the lower court in overruling the motion is correct, and that it was supported by the evidence so heard. Harcrow v. State, 97 Tex. Crim. Rep. 275. The affidavits attached to appellant's motion but reflect evidence of an alibi for appellant at some time before midnight on the occasion of the raid, which formed the basis for the prosecution. The officers testified that while they were watching the still before midnight, some one came to it, but none of them identified by name or description appellant or his companion as such visitor. The officers did testify that appellant and his companion, Tittle, came to the still about daylight and began to pour up the liquid and move the parts about and otherwise show their interest in the operation of the still. Their actions coupled with statements then made by them are sufficient to support the conviction. The newly discovered evidence would in no likelihood have affected the result of the trial.

The motion for rehearing is overruled.

*Overruled.*