## D. G. Armstrong v. The State.

No. 9296.   Delivered Oct. 21, 1925.

Rehearing denied Jan. 13, 1926.

**1.—Transporting Intoxicating Liquor—New Trial—Misconduct of Jury—Properly Refused.**

Where a motion for a new trial contains the affidavit of one juror to the effect that he made a statement in the nature of new evidence to one of the jurors during the deliberation of the jury, and the court in his order overruling the motion recites that he heard evidence upon the motion, no bill of exception having been preserved and no statement of facts showing what evidence was heard, being in the record, the presumption that the trial court was not in error in overruling the motion must be indulged.   See Crouchett v. State, 271 S. W. Rep. 91 and numerous authorities there cited.

### ON REHEARING.

**2.—Same—New Trial—Misconduct of Jury—Practice.**

On rehearing appellant by supplemental transcript brings forward a bill of exception taken to the action of the court in overruling his motion for a new trial. It cannot be considered because not filed in term time. A statement of facts containing the evidence heard on the issue of the misconduct of the jury or bill of exception presenting the matter, must be presented and filed during the term at which the trial took place.   Following Reyer v. State, 81 Tex. Crim. Rep. 588 and other cases cited.

Appeal from the District Court of San Patricio County. Tried below before the Hon. T. M. Cox, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*H. S. Bonham,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is the unlawful transportation of intoxicating liquor, punishment fixed at confinement in the penitentiary for one year.

It was shown without controversy that in the appellant's automobile which he was driving at the time of his arrest,

there was a quantity of whiskey in jugs. The jugs were thrown from the car and broken while the sheriff was endeavoring to apprehend the appellant. Appellant, in his testimony, admitted that the jugs contained whiskey and that they had been brought by him from Victoria, in Victoria County, a distance of many miles. He interposed no defensive theory but sought a suspended sentence on account of his youth and previous good reputation.

Attached to the motion for new trial is the affidavit of one of the jurors to the effect that he made a statement in the nature of new evidence to one of the jurors during the deliberation of the jury. The order overruling the motion for new trial contains a recital or statement by the court that he *had heard evidence* upon the motion. In the absence of a bill of exceptions or statement of facts showing what evidence was heard, the presumption that there was sufficient evidence to justify the conclusion of the trial court in overruling the motion must be indulged. See Crouchett v. State, 271 S. W. Rep. 91; see pages 103 and 104, with numerous citations of authorities.

No other questions are presented for review. The evidence is sufficient to support the verdict, and the lowest penalty was assessed.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—By supplemental transcript, appellant brings forward a bill of exceptions taken to the action of the court in overruling the motion for new trial. This bill, however, cannot be considered for the reason that it was not filed during the term of court at which the trial took place. Since the rendition of the Black case, 41 Tex. Crim. Rep. 185, the decisions of this court have been frequent and uniform to the effect that to warrant a review of the action of the court in overruling the motion for new trial in which it is averred that the jury has been guilty of misconduct, that the evidence supporting the motion must, by statement of facts or bill of exceptions, be put into the record during the term at which the trial takes place. See Reyes v. State, 81 Tex. Crim. Rep. 588; Ferguson v. State, 95 Tex. Crim. Rep. 213; also numerous cases following the Black case, supra, cited in Shepard's Texas Citations, 3rd Ed., p. 356. See also Harcrow v. State, 97 Tex.

Crim. Rep. 274, and other cases listed in Shepard's Texas Citations, Supplement, Nov. 1925.

The motion for rehearing is overruled.

*Overruled.*