## J. W. JONES V. THE STATE.

No. 9639.   Delivered January 27, 1926.

Rehearing denied March 3, 1926.

### 1.—Transporting Intoxicating Liquor—New Trial—Properly Refused.

Where, in his motion for a new trial, appellant set up the ground that the jury had in some manner been informed that a witness by the name of Hester had been arrested for perjury. This was controverted by·the state, and evidence heard by the court, who decided the issue against appellant. Having so decided we are not authorized to set his findings aside, and especially so when the witness Hester was a witness for the state, and not for the defendant.

### 2.—Same—Instructed Verdict—Properly Refused.

Appellant complains of the refusal of the trial court to instruct a verdict of not guilty. An examination of the record is convincing that this action of the court was not error. Three witnesses testified on the trial positively as to appellant's guilt and believing the evidence sufficient to justify the jury's verdict the judgment will be affirmed.

**3.—Same—Accomplice as Witness—Charge On—Held, Improper.**

Where the evidence disclosed that the state witness Hester was connected with the transaction in issue, only in the capacity of a co-transporter, he was not in law an accomplice, and the fact that the court instructed the jury erroneously that he was in law an accomplice, was favorable, and not injurious to the appellant.

**4.—Same—Charge of Court—Practice on Appeal.**

Where an objection is raised to one paragraph of the court's charge, such paragraph on appeal will be received in connection with other paragraphs on the same subject matter, and in the light of this rule nothing erroneous is presented in appellant's complaint of paragraph five of the court's charge, and his motion for rehearing will be overruled.

Appeal from the District Court of Montague County. Tried below before the Hon. Vincent Stine, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty eighteen months in the penitentiary.

The opinion states the case.

*J. P. Cox* of Sherman, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—This appeal is from a conviction in the District Court of Montague County for transporting intoxicating liquor, with punishment fixed at eighteen months in the penitentiary.

There are no bills of exception in the record to the reception or rejection of any testimony. There is a bill to the refusal of a new trial, and one to the overruling of appellant's motion for an instructed verdict.

Appellant's motion for a new trial set up the fact that through a statement made by some one in the court room the jury derived information that a witness by the name of Hester had been arrested for perjury. This was claimed as hurtful to defendant's cause. The matter was contested by the state and several controverting affidavits filed. When it was presented to the court he overruled the motion, certifying that he did so after hearing evidence and the argument of counsel. It appearing that evidence was heard, this court would not be in position to say that the trial court was not justified in his action. It further appears that the witness Hester was a state

witness, and it is not quite clear to us how the statement, if made, could have affected the rights of the accused.

Reverting to the other bill of exceptions complaining of the refusal of the court to instruct a verdict favorable to appellant, it seems to us that the court was entirely correct in his action. Henry Hester testified for the state that on the occasion in question he went with appellant and one Taylor to a point ten or twelve miles east of Ringgold, and that they got a half gallon of whiskey, that Taylor and appellant went somewhere and got the whiskey and brought it back to the car and that they all then drove back together to Bowie from the place where they got it. He said that the whiskey belonged to the bunch, that he did not pay anything for the whiskey, or have any interest in it. Two other witnesses testified for the State to seeing the party composed of Taylor, appellant and Hester, and that appellant had a jug of whiskey in his possession down near the railroad crossing south of Ringgold, that he carried the jug or jar of whiskey down to a car and gave a party a drink and brought it back and put it in the car from which he had taken it.

As we view the law, neither of the three witnesses were accomplices. Our statute specifically exempts persons who occupy the attitude either of purchasers, joint possessors or transporters of intoxicating liquor, from the taint of being accomplices. As far as we understand this record Hester's only connection with the liquor was that of a transporter, and neither of the other witnesses had any criminal connection with it at all.

Believing the evidence sufficient to justify the jury's verdict, and being unable to agree with any contention made by appellant, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that the court having told the jury in his charge that the witness Hester was an accomplice, we were in error in holding the evidence sufficient to support the conviction. The court did so tell the jury, and in our view this was favorable to appellant, Hester not being in law an accomplice. However if we should hold that he was, we would be compelled to conclude that he was fully corroborated by two other credible witnesses whose testimony showed appellant in possession of the liquor while in transit.

We are not able to agree with appellant's objection to paragraph five of the court's charge, which appears to be but a statement of a general principle, and said paragraph must be viewed in connection with paragraph six wherein the court applied said principle to the facts, and told the jury in express terms that they could not convict unless from all the testimony they believed beyond a reasonable doubt appellant was guilty. This obviated any possibility of the jury reaching a conclusion of guilt while entertaining a reasonable doubt thereof.

Appellant's motion for rehearing is overruled.

*Overruled.*