ROSS COOPER V. STATE.

No. 9876.   Delivered February 17, 1926.

**Manufacturing Intoxicating Liquor—New Trial—Newly Discovered Evidence—Properly Refused.**

Where appellant presents as grounds for a new trial the newly discovered testimony of three witnesses, whose testimony was only cumulative and impeaching in its character, the new trial was properly refused. This court has many times held that newly discovered testimony, which could only be used for cumulative or impeachment purposes is not sufficient grounds for a new trial. See Branch's Ann. P. C. Sec. 201-3 for collation of authorities.

Appeal from the District Court of Red River County. Tried below before the Hon. R. J. Williams, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was convicted in the District Court of Red River County for the offense of manufacturing

intoxicating liquor, and his punishment assessed at one year in the penitentiary.

This record is before us without any objections to the court's charge or any exceptions to the action of the trial court, and the only objection urged is to the trial court's refusal to grant a new trial for alleged newly discovered testimony. The appellant attaches to his motion for new trial the affidavit of one Hall and affidavits of L. J. Cooper and J. R. Wilmuth, and contends that upon another trial said desired testimony would change the verdict of the jury herein. After a careful examination of the said affidavits, we are of the opinion that said testimony, if produced, would have been only cumulative to the testimony introduced by the appellant, and furthermore that same would have only tended to impeach the testimony of some of the state's witnesses. This court has many times held that newly discovered testimony which could only be used for cumulative or impeachment purposes is not sufficient grounds for a new trial. For collation of authorities see Branch, Ann. P. C. secs. 201-3.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.