### MAURICE HOLMES V. THE STATE.

No. 10135.   Delivered December 15, 1926.

#### 1.—Murder—New Trial—Newly Discovered Evidence—Practice on Appeal.

Where a record on appeal discloses that appellant's motion for a new trial, on the ground of newly discovered evidence, was overruled, and that the court "heard the said motion, and the evidence thereon submitted," the action of the trial court will not be reviewed by this court, in the

absence of the evidence heard on said motion, brought forward either by bill of exception or statement of facts. Following Crouchett v. State, 99 Tex. Crim. Rep. 572, and other cases cited.

ON REHEARING.

2.—Same—Correcting Record—Practice on Appeal.

On rehearing appellant attempts to correct the record by presenting affidavits of counsel, and the court reporter, showing that the order of the trial court to the effect that the court heard evidence on appellant's motion for a new trial was erroneously and negligently inserted by the clerk of the court in preparing the order, and that no evidence was in fact heard, except the affidavit of the newly discovered witness, attached to his motion for a new trial. There is no rule of procedure in this state which authorizes the correction of a record in this manner.

3.—Same—New Trial—Newly Discovered Evidence—Diligence Necessary.

Where a motion for a new trial is predicated upon newly discovered evidence, and it appears that all of the newly discovered witnesses lived in the immediate vicinity of the homicide, and were known to both appellant and the deceased, it cannot be said that such witnesses were newly discovered, when it is apparent that the exercise of even slight diligence would have discovered such witnesses before the trial.

Appeal from the District Court of Bowie County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction of murder, penalty ten years in the penitentiary.

The opinion states the case.

*Lincoln & Barkman* of Texarkana, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted of murder in the District Court of Bowie County and sentenced to ten years' confinement in the penitentiary.

There being no bills of exceptions in the record, this leaves the action of the trial court in overruling the appellant's motion for a new trial, based on the ground of newly discovered evidence, the only question to be reviewed.

The record discloses that the evidence upon which the trial judge based his decision in overruling the motion for new trial is not brought before this court either by a bill of exceptions or statement of facts. The motion for new trial contains averments, and attached to the motion are affidavits supporting the averments which would be considered by this court if the record failed to disclose that the trial court heard other evidence upon

the hearing of the motion. It appearing, however, from the order of the trial court overruling the said motion that the court "heard the said motion and the evidence thereon submitted," this court, following the rule laid down in Crouchett v. State, 99 Tex. Crim. Rep. 572, 271 S. W. 99, cannot review the order overruling the motion for new trial in the absence of the evidence which was evidently before the trial court, as shown by said order overruling the motion for new trial. See also Reyes v. State, 81 Tex. Crim. Rep. 592, 196 S. W. 532; Lopez v. State, 84 Tex. Crim. Rep. 422, 208 S. W. 167; Wilson v. State, 271 S. W. 104.

There being nothing more left for the court to review and the facts being amply sufficient to support the verdict of the jury, the judgment will be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BETHEA, JUDGE.—Appellant contends that this court erred in holding, in its original opinion, that evidence was submitted to the trial court when it heard appellant's motion for a new trial; and asserts that the only matter presented for consideration was appellant's motion for a new trial with affidavits attached, and that the statement, in the order of the trial court overruling appellant's motion for new trial, to the effect that the court heard evidence thereon, was erroneously and negligently inserted by the clerk of the court in preparing the order; and undertakes to perfect the record by attaching to his motion for rehearing affidavits of counsel and the court reporter, which said affidavits show that the statement in the order of the trial court overruling the said motion for new trial was erroneously and negligently inserted by the clerk of the court in preparing the order.

We know of no rule of procedure authorizing the correction, in this manner, of the matter complained of.

However, we have carefully reviewed appellant's motion for new trial, together with the six affidavits thereto attached. Said motion for new trial is based on newly discovered evidence, it being contended that the six witnesses, who have each made affidavit as to what they would have testified if present at the trial, did not make known their knowledge of the facts set out

in their affidavits until after the appellant was convicted. Said motion also alleges that counsel made an effort to ascertain the name and address of every person who knew anything about the facts. From a careful examination of the statement of facts, as well as the affidavits of the six witnesses, we have concluded that the said motion for new trial does not show the exercise of proper diligence.

The affidavit of the first witness, T. L. Brown, whose testimony appellant contends is newly discovered, discloses that Brown, if present, would have testified as follows:

"I have known Maurice Holmes all my life. I have known Daniel Sims all my life. During the past summer (1925), Maurice Holmes, Daniel Sims and myself, along with three others, were arrested by the officers for gaming."

The appellant testified, deceased "told me I couldn't stay in town as long as he was in town, and I went home and told my father that I was afraid Dan would kill me and told him I was going to Smackover. My father testified on the examining trial. T. L. Brown was there when Dan told me that one time; I suppose he is in town. I did not have him summoned up here as a witness." (Statement of Facts, p. 42.)

Marcella Jones, in rebuttal for the state, testified as follows:

"I remember the Sunday that Daniel Sims was killed. The first time I saw Daniel that day was between 8:30 and 9 o'clock that morning, when I saw him on Elm Street. There wasn't anyone with him then, except T. L. Brown. They was together and was going up on 12th and Elm, and I was going down to Gussie Herd's." (Statement of Facts, page 49.)

It occurs to us that if appellant had used any diligence whatever, or made any inquiry of Brown touching information that he might possess, appellant could certainly have had Brown present at the trial.

The witness Jane White, whose testimony is shown in an affidavit attached to the motion for new trial, states that she lived at 911 W. Seventh Street; that she lived there for the past twelve years; that she was acquainted with Maurice Holmes, the appellant; that she had known him for the past fourteen years. Judging from her street address, she has lived in the neighborhood of the killing for over twelve years. Neither the motion for new trial nor the affidavit show that she had ever been questioned by anyone about this case. It occurs to us that if the appellant, or his attorney, had made proper

inquiry in and about the neighborhood and scene of the killing they would have learned something about any information she might possess.

The affidavits of Turk Scott and Richard Reed, also attached to the appellant's motion for new trial as newly discovered evidence, show that the killing took place within a few feet of where the witness Turk Scott lived and in front of the house where the witness Richard Reed lived. Proper diligence would have prompted either the appellant or his counsel to have made inquiries of those living in the immediate vicinity, and especially within a few feet of the scene of the killing.

The affidavit of the witness Lummus, whose testimony appellant contends is newly discovered, shows that he had been a resident of Texarkana, Arkansas, for twenty-one years; that he had been on the police force of said city for the past sixteen years, and for two years was chief of police, and that he had known the deceased, Daniel Sims, for the past sixteen years, during the entire time he had been on the police force. It does seem to us that counsel should have made some inquiry of the officers as to the character of the deceased, and, if he had, he could have easily learned in advance of the trial the facts as detailed in this affidavit.

Pauline Williams, according to her affidavit, was present at the scene of the killing, and an inquiry of the witness Marcella Jones, who testified in rebuttal for the state, would have apprised appellant's counsel and appellant of that fact, for when we read Marcella Jones' testimony in rebuttal we find where she testified as follows:

"Maurice and Dan met up, there was three or four others along there, and they was all going down the street, and Maurice was going meeting Dan, him and Pauline Williams and Ed Majors were together. I do not know where Pauline is." (Statement of Facts, page 52.)

No reason is shown why the appellant or his counsel was unable to ascertain from all these witnesses, either before or during the trial, the facts which they later revealed in their affidavits.

It appearing from the statement of facts in this case, and also from the affidavits attached to the motion for new trial, that the appellant utterly failed to show any diligence in ascertaining who the witnesses were and what their testimony would be, we

do not think the learned trial judge erred in overruling said motion for new trial.

Believing the conclusion reached in our original opinion is correct, the motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.