## M. T. Delaney v. The State.

### No. 10758.　Delivered March 16, 1927.

1.—Manufacture of Intoxicating Liquor—New Trial—After Plea of Guilty— Properly Refused.

Where appellant in his motion for a new trial, after his conviction on a plea of guilty, set forth that his plea of guilty was induced by an agreement with the District Attorney, that if he would enter a plea of guilty, and the jury failed to grant him a suspended sentence that a new trial would be granted. This averment in the motion for a new trial was supported by an affidavit.

2.—Same—Continued.

The judgment overruling the motion recites that the court "*having heard the motion and the evidence thereon submitted is of the opinion that it should be overruled.*" The judgment reciting that evidence was heard, and the finding of the court against the accused, is conclusive on appeal, in the absence of a report of the evidence which was before the trial court. See Lopez v. State, 84 Tex. Crim. Rep. 422, and other cases cited. Distinguishing Stafford v. State, 280 S. W. 218.

Appeal from the District Court of Panola County. Tried below before the Hon. R. T. Brown, Judge.

Appeal from a conviction for manufacturing intoxicating· liquor, penalty one year in the penitentiary.

The opinion states the case.

*Woolworth & Baker* of Carthage, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The unlawful manufacture of

intoxicating liquor is the offense, punishment fixed at confinement in the penitentiary for one year.

A plea of guilty was entered. The conviction is attacked upon the ground that the plea of guilty was due to persuasion. The details consist of an averment that appellant had evidence that he was under the age of twenty-five years. However, a part of the proof was not available. This was made known to the District Attorney and an agreement was made by which the appellant withdrew his plea of not guilty and entered a plea of guilty upon the promise by the District Attorney that in the event the jury failed to accord the appellant a suspended sentence a new trial would be granted. In support of his contention appellant refers to the case of Stafford v. State, 280 S. W. 218, and the precedents therein cited. Among them is the case of Harris v. State, 17 Tex. Crim. Rep. 559. Stafford's case differs from this one in that the evidence upon the hearing of the motion for new trial was conclusive that the District Attorney, as an inducement to the accused to plead guilty, agreed to recommend a suspended sentence and that if the jury failed to accord it a new trial would be granted. In the present case, however, the motion for new trial is supported by an affidavit. The judgment overruling it, however, recites that the court *"having heard the motion and the evidence thereon submitted, is of the opinion that it should be overruled."* The judgment reciting that evidence was heard, the finding of the court against the accused is conclusive on appeal, in the absence of a report of the evidence which was before the trial judge. See Lopez v. State, 84 Tex. Crim. Rep. 422, 208 S. W. 167; Hickox v. State, 95 Tex. Crim. Rep. 173; Cade v. State, 96 Tex. Crim. Rep. 523, and other cases collated in Crouchett v. State, 271 S. W. 100. See also Jones v. State, 280 S. W. 588.

There are no other questions raised.

The judgment is affirmed.                    *Affirmed.*