BILL PURSWELL V. THE STATE.

No. 10770. Delivered May 11, 1927.

Rehearing denied June 8, 1927.

1.— **Transporting Intoxicating Liquor — Search and Seizure — Right of
Exemption—Rule Stated.**

"The right to complain because of an illegal search and seizure is a
privilege personal to the wronged, or injured party, and is not available to
anyone else." In other words, the owner of the premises or thing searched
is the only one who can avail himself of the search and seizure law. See
Cornelius on Search and Seizure, p. 62, Sec. 12, and cases there collated.

2.—**Same—Search After Arrest—Rule Stated.**

The search and seizure law is not applicable to the search of a person
who has been lawfully arrested. The statute permits the arrest of one who
commits a felony in the presence or view of an officer, without a warrant.
See Arts. 212, 213, C. C. P. 1925.

3.—**Same—Charge of Court—Exceptions To—Must Be Specific.**

A general objection to the court's charge that it failed to submit the
law of the case, is not sufficient. The statute requires that the exception
be specific.

4.—**Same—Evidence—Properly Admitted.**

Where officers, in hiding in a field, saw appellant approach carrying a
jug, and on arresting him found that the jug contained whiskey, his arrest
and search (if searched) was referable to "probable cause," and evidence
of these facts were properly admitted. See Odenthal v. State, 106 Tex.
Crim. Rep. 1.

ON REHEARING.

5.—**Same—Misconduct of Jury—Not Shown.**

An affidavit by appellant attached to his motion for a new trial averring
that the jury considered as a circumstance against him the fact that he did

not testify, unsupported by other evidence, does not disclose any misconduct of the jury. See Noble v. State, 98 Tex. Crim. Rep. 463.

**6.—Same—Continued.**

Where it is recited in the judgment overruling the motion for a new trial that evidence was heard, on the motion, it will be presumed that the evidence justified the court's action, where the evidence so heard is not brought before us. See Cade v. State, 96 Tex. Crim. Rep. 523, and other cases cited in opinion on rehearing.

Appeal from the District Court of Liberty County. Tried below before the Hon. Thos. B. Coe, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*F. O. Fuller* of Houston, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful transportation of intoxicating liquor, punishment fixed at confinement in the penitentiary for one year.

The criminating evidence comes from the sheriff, Hightower, and Anderson, his deputy. They went to the home of McElvain, which consisted of a dwelling-house, a barn, garden and field, embracing about twenty acres. They secreted themselves in the field. There was a social gathering at McElvain's house. The appellant was an inmate of the house as the guest of McElvain. The officers observed various persons coming into the field and returning to the house, and saw them engaged in certain acts under circumstances indicating that they were drinking whiskey. Appellant was among the parties, and at one time stopped within one or two feet of the sheriff, who recognized him. He had known the appellant for many years. After members of the social gathering had come and gone into the field several times, Anderson heard them talk about some "high-powered stuff," and immediately saw the appellant. Anderson at the time was secreted near a bush. As the appellant approached him, Anderson threw his flashlight upon the appellant and saw a jug in his hand, which was found to contain whiskey. The appellant was arrested, and the jug and contents were introduced in evidence upon the trial.

Appellant had gone to McElvain's house several days before the occasion in question. He introduced testimony to the effect

that he did not take the whiskey to McElvain's house.  He also introduced some of the parties who were present at the gathering and who stated that they did not see the appellant have a jug. One witness testified that he saw him at the time of his arrest but did not see him have a jug.  Appellant's wife, who went with him to McElvain's house in an automobile, testified that they carried no whiskey with them.  The appellant did not testify.

Appellant objected to the testimony of the officers, basing his objection upon the proposition that his arrest was illegal, the officers having neither a warrant of arrest nor a warrant to search the premises.  Appellant insists that the evidence was obtained under the search of a private dwelling.  The nature of the premises seems unimportant for the reason that they were not the premises of the appellant nor in his possession.  It has been held by this court and by many others that the right of exemption from a search of the premises is not available to the accused, but is personal to the owner or possessor of the premises. "The right to complain because of an illegal search and seizure is a privilege personal to the wronged or injured party, and is not available to anyone else."  See Cornelius on Search and Seizure, p. 62, Sec. 12, and cases there collated.

The evidence of the officers, however, would be admissible provided the search of the appellant was made contemporaneously with a legal arrest.  The statute permits the arrest of one who commits a felony in the presence or view of an officer without a warrant.  Arts. 212, 213, C. C. P. 1925.  See also Jack Moore v. State, No. 10247, not yet reported, and cases collated.  According to the testimony in the present case, the appellant was in the act of carrying a jug of whiskey under circumstances which made evident to the officers that he was committing a felony in their presence.  At least such was the state's testimony.  The testimony of the appellant's witnesses was to the contrary.

There is a general objection to the court's charge that it failed to submit the law of the case.  The statute requires that the exception be specific.  An examination of the charge discloses that the issue, that is, whether the appellant was transporting intoxicating liquor, was submitted to the jury, and appropriate instructions given upon the presumption of innocence and reasonable doubt.  We have perceived no affirmative defenses calling for an affirmative charge.  The premises not being in the possession of the appellant, the court properly refused to instruct the jury upon the theory that a search of McElvain's premises

was available to the appellant. His arrest and search (if a search was made) is referable to "probable cause" growing out of his conduct and the possession of whiskey, which was known to the officers before his arrest and his transporting it in their presence. The proof justified the receipt of the evidence of the officers. See Odenthal v. State, 290 S. W. 743.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant calls attention to a matter not discussed in our original opinion. He made affidavit to his motion for new trial in which he averred that the jury considered as a circumstance against him the fact that he did not testify as a witness. The affidavit of no juror or other person who could have knowledge of the fact, if it occurred, was attached to the motion. If any evidence was introduced or tendered upon the hearing to support the allegation it is not brought forward. It is apparent that the averment could not have been based on appellant's own knowledge but is bound to be purely a hearsay matter with him. This seems to bring the case within the rule announced in Noble v. State, 98 Tex. Crim. Rep. 463, 266 S. W. 412, and in Hughes v. State (No. 10766, opinion on rehearing April 27, 1927, not yet officially reported). Furthermore, it being recited in the judgment overruling the motion that evidence was heard, it will be presumed that the evidence justified the court's action where the evidence so heard is not brought before us. Cade v. State, 96 Tex. Crim. Rep. 523, 258 S. W. 484; Hicks v. State, 97 Tex. Crim. Rep. 373, 261 S. W. 579; Crouchett v. State, 99 Tex. Crim. Rep. 572, 271 S. W. 99; Wilson v. State, 99 Tex. Crim. Rep. 561, 271 S. W. 104; Armstrong v. State, 102 Tex. Crim. Rep. 496, 278 S. W. 435.

The motion for rehearing is overruled.

*Overruled.*