### HUGH FISHER V. THE STATE.

No. 11748.   Delivered May 2, 1928.

**Sale of Intoxicating Liquor—New Trial—In Absence of Contrary Showing— Properly Overruled.**

Where, after a conviction for the sale of intoxicating liquor his attorney under oath filed a motion for a new trial, setting up the advanced age of appellant, his physical and mental infirmity, the trial court having heard his motion and no evidence heard on his motion having been brought forward by bill of exception, under our statute this court must presume that the evidence before the trial court authorized his action.   See Wilson v. State, 99 Tex. Crim. Rep. 561, and other cases cited.

Appeal from the District Court of Walker County.   Tried below before the Hon. Carl T. Harper, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*E. R. Berry* of Huntsville, for the appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE. — Conviction is for selling intoxicating liquor, punishment being one year in the penitentiary.

The alleged purchaser swore that he went to appellant's house at night, inquired of him if he had any beer, to which appellant

replied, "Yes, plenty of it." Appellant was in bed crippled up with rheumatism and told witness he would have to wait on himself, gave him a key and told him which room the beer was in. Witness unlocked the door to the designated room and got six bottles of beer, for which he paid appellant $1.50. Witness also tetified that the beer was intoxicating. Appellant did not testify and offered no witness in his defense.

In a motion for new trial sworn to by appellant's attorney it is averred that appellant was at the time of trial and for more than a year prior thereto had been in such a mental condition due to advanced age that he did not realize at times what he did and was of such impaired mental capacity as not to be responsible for his acts; that he was helpless physically, aged, infirm and of failing memory; that these facts were unknown to appellant's attorney at the time of the trial because he was not employed as counsel until after the state had announced ready for trial and that appellant's counsel did not realize appellant's mental condition until after the trial was well under way, at which time he did not have an opportunity to investigate the matter, and that it was impossible for counsel to ascertain appellant's mental condition until after the trial was over. Attached to the motion is the affidavit of three witnesses to the effect that they had known appellant for many years, and that for some time prior to the date of the alleged offense and his trial therefor appellant had been in a helpless physical condition and was unable to go about without the aid of other persons; that he was at an advanced age, probably well into the eighties, and did not seem to realize at all times clearly what he was doing, that he did not seem to realize he was to be tried for an offense and that his memory was failing him from the feebleness of old age.

This court is confronted with a recital in the order overruling the motion for new trial as follows: "The court having heard the motion and the evidence thereon submitted is of the opinion that the same should be refused." No evidence heard on the motion is brought forward either by separate statement of facts or in a bill of exception complaining of the overruling of the motion. Under such circumstances we must presume that the evidence before the court authorized his action. Wilson v. State, 99 Tex. Crim. Rep. 561, 271 S. W. 104, and cases cited therein; Reese v. State, 94 Tex. Crim. Rep. 221, 249 S. W. 857; Brown v. State, 101 Tex. Crim. Rep. 63, 274 S. W. 588; Volantino v. State, 101 Tex. Crim. Rep. 321, 275 S. W. 1077; Harcrow v. State, 97 Tex. Crim. Rep. 275, 261 S. W. 1046; Armstrong v. State, 102

Tex. Crim. Rep. 496, 278 S. W. 435; Delaney v. State, 106 Tex. Crim. Rep. 345, 292 S. W. 229; Holmes v. State, 106 Tex. Crim. Rep. 515, 293 S. W. 571.

The judgment is affirmed.

*Affirmed.*