462

## ROBINSON v. STATE.   (No. 12429.)

Court of Criminal Appeals of Texas.   June 5, 1929.

For former opinion, see 16 S.W.(2d) 233.

Hall Etter, of Houston, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. ■■ The announcement made in the original opinion to the effect that, when the order overruling the motion for new trial states that the evidence was heard thereon, this court is not in a position to know what influenced the trial judge when the record is void of statement of facts or bills of exception revealing the evidence before him, is supported by the precedents. On appeal the presumption in conclusive that the ruling of the trial court was warranted by the evidence heard by it when considering the motion for new trial. Fisher v. State, 109 Tex. Cr. R. 536, 5 S.W.(2d) 996. Part of the alleged newly discovered evidence is cumulative of the conceded fact that Bill Turner was an accomplice witness, and in part tends to impeach his credibility. There was no abuse of discretion in overruling the motion for new trial. Cooper v. State, 103 Tex. Cr. R. 226, 280 S. W. 597; Vernon's Tex. C. C. P. 1925, vol. 3, pp. 29, 30, notes 32, 33.

■ The bill of exceptions is imperfect, but, if given full effect, the evidence sought was not of importance such as would warrant a reversal. From the bill it appears that counsel asked in what business other than farming the witness Bill Turner was engaged. As shown by the motion for new trial, the answer expected was that he peddled meat. It is suggested that the facts covering the matter are set out in the motion for new trial. That a motion for new trial cannot be made a substitute for a bill of exceptions has been a rule of practice throughout the history of the court. See Jones v. State (Tex. Cr. App.) 9 S.W.(2d) 347; Ramos v. State, 107 Tex. Cr. R. 606, 298 S. W. 431; Holmes v. State, 106 Tex. Cr. R. 515, 293 S. W. 571; Holliday v. State, 100 Tex. Cr. R. 226, 273 S. W. 250; Burrell v. State (Tex. Cr. App.) 11 S.W.(2d) 795.

Upon the record before us, we are constrained to overrule the motion for rehearing.