## Henry Osby v. The State.

No. 13525.   Delivered October 8, 1930.
Reported in 31 S. W. (2d) 641.

The opinion states the case.

*Sanders & McLeroy* of Center, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, assault to murder; penalty, two years in the penitentiary.

The two participants in the transaction at issue were both negroes and rivals for the affections of a woman.   The theory of the State was that the shooting of the injured party was entirely unprovoked and without justification and that of the appellant was that he shot in self-defense, after his life had been previously threatened by the injured party.   Each of these respective theories finds support in the record and the legal rights of the appellant appear to have been properly safeguarded in the Court's charge.

We are met at the outset by a motion filed by appellant purporting to show that he was deprived of two bills of exception and asking for a reversal for this reason.   It may be admitted that a prima facie showing of the injury complained of is made by

appellant in his motion. This, however, will not result in a reversal due to the following rather unusual state of the record. Bill of Exception No. 6, of which appellant claims he was deprived, relates, according to the allegations of the motion, to certain misconduct of the jury. We find this same question properly raised and presented here in another way for our consideration. Such a question may be brought here either by a separate bill of exception or by proper allegations in the motion for new trial duly verified with exception entered of record to the action of the Court in overruling same, provided the testimony given on such hearing be incorporated in a duly authenticated statement of facts and filed as in ordinary cases, which filing may now under a recent legislative enactment be done in vacation. Reyes v. State, 81 Tex. Crim. Rep. 588, and authorities there collated; Lopez v. State, 84 Tex. Crim. Rep. 422; Bozanno v. State, 60 Tex. Crim. Rep. 507. See Acts 39th Legislature. 1 C. S., p. 12. The appellant pursued the latter method, and his complaint therefore amounts in effect to the proposition that it was error to deprive him of the right to pursue both methods. The question ought always to be whether an accused has been injuriously affected by the trial court's ruling, not whether an empty technicality has been transgressed. When not bound by some rule of law to which it feels compelled to yield obedience, this Court concerns itself with matters that affect the substantial rights of the appellant. We therefore overrule the appellant's motion, since he has been deprived of none of his legal rights by the Court's action as we view the matter.

In our investigation of this matter we have found some rather confusing statements which occur both in the authorities and among the text writers. For example we take the following from 4 Tex. Jur., Paragraph 163, a work which we have found to date an unusually accurate one: "Misconduct of the jury must be brought forward by a bill of exceptions, rather than by a complaint thereof in a motion for a new trial." We note, however, the following accurate statement from the same volume: "Evidence heard on the motion may be either incorporated in a bill of exceptions or brought forward in a statement of facts, but unless it is brought up in one of these ways the ruling on the motion will not be reviewed." 4 Tex. Jur., Paragraph 173, p. 246. The practice long followed and recognized is to (1) allege such misconduct in a duly verified pleading usually the motion for new trial, (2) offer proof of the truth of such allegations on the hearing of same, (3) preserve and

file under the statute a statement of facts containing all the proof offered, (4) let the minutes of the trial court show an exception to the action of the court in overruling same. If these matters are correctly shown, the question is properly raised here, though there is no separate bill of exception containing all these shown in the transcript.

The substance of the contention raised by appellant on motion for new trial is that one of the jurors became violently ill, that an intoxicant was administered to the juror as medicine, that while stupefied by his illness and such liquor appellant's case was under consideration and that the verdict was really an eleven-juror verdict because this particular juror was mentally incompetent to assent to same. The juror himself was heard and his testimony supports the allegations made. The effect, however, as we construe it, of the testimony of the physician who attended this juror, as well as that of many of his co-jurors, was to make a sharp issue of fact as to the truth of such matters. The physician did not apparently believe he was sick and his co-jurors gave testimony contradicting him on much of the material parts of his testimony. The Court heard these witnesses and found against appellant's contention. The rule is thus stated by Mr. Branch:

"Where the alleged misconduct was made the subject of diligent investigation by and under the direction of the trial judge and settled in behalf of the State upon conflicting evidence, the decision of the judge will be given as much consideration on appeal as would be given to the verdict of a jury on any other question of fact, and if there is sufficient evidence to justify the action of the trial judge his decision thereon will not be disturbed on appeal unless clearly wrong. Shaw v. State, 32 Tex. Crim. Rep. 155; Sheffield v. State, 48 Tex. Crim. Rep. 481; Goodman v. State, 49 Tex. Crim. Rep. 191; Russell v. State, 53 Tex. Crim. Rep. 500; Potts v. State, 56 Tex. Crim. Rep. 39; Douglas v. State, 58 Tex. Crim. Rep. 122; Blount v. State, 58 Tex. Crim. Rep. 122; Blount v. State, 58 Tex. Crim. Rep. 509; Allen v. State, 62 Tex. Crim. Rep. 560." Branch's P. C., P. 295. See also Dougherty v. State, 59 Tex. Crim. Rep. 473.

The remaining contention relates to what the trial court regarded as a casual remark of juror Ballard while discussing the case before verdict that "a man could not hardly try a negro exactly like he could a white man." We are of the opinion that the trial court correctly ruled that this did not evidence such prejudice as required

34

a new trial, particularly since the lowest penalty was assessed and the evidence was sufficient to support the verdict rendered. Allen v. State, 44 Tex. Crim. Rep. 209; Rogers v. State, 40 Tex. Crim. Rep. 358.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.