WENDALL SANDERS V. THE STATE.

No. 13907.   Delivered March 11, 1931.
Rehearing Denied April 8, 1931.

The opinion states the case.

*R. M. Johnson* and *Paul S. Colley, Jr.,* both of Palestine, for appellant.

*T. B. Greenwood, Jr.,* Dist. Atty., of Palestine, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for fifty years.

F. C. Cox, deceased, was a peace officer. An attempt on his part to arrest appellant resulted in a difficulty. According to the State's testimony, appellant cursed deceased and struck him. Appellant and his witnesses testified that deceased cursed appellant and hit him over the head with his pistol. Appellant was finally placed in jail by deceased, but was released on bond on the following morning. The homicide occurred in a restaurant where deceased was sitting at the counter. Using a shotgun, appellant fired three times through the window of the restaurant from the outside. Each of the shots took effect, and resulted immediately in the death of deceased. According to the testimony of State's witnesses, appellant went to a store some time prior to the homicide with another party for the purpose of securing a shotgun and some shells. Appellant's companion purchased the shells and rented the shotgun. Thereafter appellant took the shotgun, entered a rent car and rode to the vicinity of the restaurant. Alighting from the car, appellant immediately opened fire upon deceased. It was the further version of State's witnesses that deceased was making no demonstration at the time, but was merely sitting at the counter in the restaurant with his face toward the window through which appellant fired. Appellant testified that he armed himself and went to the restaurant for the purpose of having deceased explain to him why he had been threatening to kill him. He said that as he alighted from the car with the shotgun deceased made a motion as if to pull a pistol and he fired upon deceased for the purpose of protecting his life. Several witnesses for appellant testified that they heard deceased threaten to kill appellant.

Appellant contends that the evidence is insufficient to show that he acted upon his malice aforethought in killing deceased. This contention cannot be sustained. We deem it unnecessary to enter into a discussion of the question.

Appellant's motion for new trial was based in part on alleged newly discovered evidence. Attached to the motion were the affidavits of several witnesses whose testimony he claimed to be material. Again, it was alleged in the motion for new trial that a prejudiced juror had, without fault on the part of appellant, sat in the trial of the case. If any evidence was heard on the motion it is not brought forward for review, either by bills of exception or statement of facts. The order of the court overruling the motion for new trial recites that evidence was heard thereon. Where the order recites that the court heard evidence on the issue, this court must presume that the action in overruling the motion was correct and that the trial court acted upon evidence that

was sufficient to justify his action. Harcrow v. State, 97 Texas Crim. Rep., 274, 261 S. W., 1046; Hughey v. State, 98 Texas Crim. Rep., 413, 265 S. W., 1047; Cruochett v. State, 99 Texas Crim. Rep., 572, 271 S. W., 99; Sykes v. State, 109 Texas Crim. Rep., 39, 2 S. W. (2d) 803; Rios v. State, 110 Texas Crim. Rep., 68, 7 S. W. (2d) 535; Lopez v. State, 84 Texas Crim. Rep., 422, 208 S. W., 167.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that we should consider his motion for new trial and the affidavits attached thereto as showing newly discovered evidence of a material character, and that he did not have a fair jury. We have examined the authorities cited by appellant and others.

It is admitted that unless we can consider the affidavits attached to the motion for new trial as substantiating appellant's contention, his claims are unfounded.

While it is unquestionably true, as appears from many of the early opinions, that this court declined to consider as evidence mere sworn pleadings or affidavits atached to the pleadings, some distinction was recognized in the case of Crouchette v. State, 99 Texas Crim. Rep., 581, 271 S. W., 99., between affidavits attached to the motion for new trial, and those attached to other pleadings, based on the statutory direction, in effect, that the court in passing upon a motion for new trial might hear evidence by affidavit or otherwise. However, in the case last above cited, after discussing the question, the clear statement is made that even though there be affidavits attached to the motion for new trial, if the order overruling such motion recites that *evidence was heard,* this court will adhere to the proposition that the trial court thereby intends to announce that other evidence was heard beside the attached affidavits, and the presumption of correctness on the part of the lower court will be indulged. The same proposition is announced in Lopez v. State, 84 Texas Crim. Rep., 422, 208 S. W., 167; Jones v. State, 103 Texas Crim. Rep., 282, 280 S. W., 588; Purswell v. State, 107 Texas Crim. Rep., 121, 294 S. W., 1107; Rios v. State, 110 Texas Crim. Rep., 75, 7 S. W. (2d) 535. These authorities all seem to be against the contention of appellant, and we regard them as announcing the settled law of this State. Following them, we regret that we are unable to agree

with appellant's contention, and the motion for rehearing will be overruled.

*Overruled.*