mony presented an issue for the solution of the jury open to question.

On the record before us, we are constrained to conclude that it is the duty of this court to order an affirmance of the judgment, which is accordingly done.

**JACKSON v. STATE.**
No. 14622.

Court of Criminal Appeals of Texas.
March 23, 1932.

E. T. Miller, of Amarillo, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

**HAWKINS, J.**

Conviction is for selling intoxicating liquor; punishment one year in the penitentiary.

In the indictment L. A. Goetz is alleged to have been the purchaser. The evidence shows that the witness Goetz had been employed by the sheriff at an agreed salary of $100 per month to detect violators of the liquor law. Goetz testified that on the 13th day of September, 1930, at about 8 o'clock p. m., he bought two pints of whisky from appellant; that appellant had the whisky in a gallon container in his coupé, up behind the seat, and poured the whisky from this container into two pint bottles which witness had provided. Witness said he delivered one of the pints to the sheriff that same night. This was confirmed by the sheriff. Appellant denied the transaction. He introduced evidence which, if believed by the jury, would have shown that appellant was not with Goetz at the time the sale is claimed by the witness to have been made. The jury decided the fact issue in favor of the state.

In his motion for new trial, appellant set up claimed newly discovered evidence from one H. B. Burns, which motion is supported by the attached affidavit of the witness. The motion and the facts contained in said affidavit were controverted by the state, which was also supported by affidavit. The order overruling the motion for new trial recites that, after "having heard the evidence submitted both by the defendant, and by the State, touching the matters and things set forth in said motion," the court is of opinion the motion should be overruled. The evidence presented on the motion is not brought before us. We must presume that it supported the court's action. See Fisher v. State, 109 Tex. Cr. R. 536, 5 S.W.(2d) 996, and cases therein cited.

The judgment is affirmed.

**Ex parte RAMSEY.**
No. 15264.

Court of Criminal Appeals of Texas.
March 23, 1932.

David L. Broadus, of Beaumont, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

**CALHOUN, J.**

This is an appeal from an order of the district judge of Jefferson county remanding the relator to the custody of the sheriff of Jefferson county.

The record is before us without a statement of facts or bills of exception. No question is presented for review.

The judgment is affirmed.

**PER CURIAM.**

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.