GEORGE FLEMING v. THE STATE.

No. 18076. Delivered March 18, 1936.

The opinion states the case.

*Frank S. Roberts,* of Breckenridge, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for driving an automobile upon the public highway while appellant was intoxicated; punishment assessed was a fine of $100, confinement in the county jail for sixty days, and a prohibition against appellant from driving any motor vehicle on the highway for ninety days.

The State introduced a number of witnesses who testified that appellant was drunk at the time of an accident, which called attention to his condition. On the other hand appellant's own testimony and that of witnesses introduced by him was in conflict with the State's testimony, and undertook to explain the appearance and conduct of appellant at the scene of the accident as being the result of shock and injuries received by him at the time. The evidence of the State and appellant is in hopeless conflict, presenting a question which the jury alone could determine. They decided the matter in favor of the State, and there is ample testimony to support their verdict.

In his motion for new trial appellant set up newly discovered evidence, claiming that he was surprised at the testimony of the last rebuttal witness used by the State, and claiming that appellant could controvert the evidence of said witness by the testimony of one Buddy Treadwell, who was sick and not able to attend the trial. The last named witness had been summoned at appellant's instance, but he went to trial in his absence. Appellant knew that the controversy would be as to whether he was intoxicated at the time of the accident. If there was any particular part of the testimony of the State's last witness which was surprising to appellant he would have been in a much better position had he claimed surprise at the time the testimony was given, rather than to take chances on it until after verdict. We can discover no reason why a diligent inquiry would not have developed in advance what the testimony of the State's witness would be, and the importance of Treadwell's testimony controverting same.

In addition to what is said above, we observe that in the order overruling the motion for new trial it is recited that the court heard evidence thereon. The evidence upon such hearing is not brought forward. In support of the correctness of the order we must assume that the evidence supports the court's ruling. Sanders v. State, 117 Texas Crim. Rep., 426, 36 S. W. (2d) 1032, and cases therein cited.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*