BEN MORSE v. THE STATE.

No. 4935.   Decided March 13, 1918.

**1.—Occupation—Intoxicating Liquors—Sufficiency of the Evidence.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in prohibition territory, the evidence was sufficient, under a proper charge of the court to sustain the conviction, there is no reversible error.

**2.—Same—Continuance—Bill of Exceptions—Practice on Appeal.**

In the absence of a bill of exceptions showing the overruling of an appli-

cation for continuance, the matter can not be considered in the motion for a new trial.

Appeal from the District Court of Lamar. Tried below before the Hon. Ben H Denton.

Appeal from a conviction of pursuing 'the occupation of selling intoxicating liquors in prohibition territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted of engaging in the business or occupation of selling intoxicating liquors in Lamar, a prohibition county, and assessed the lowest punishment.

The proof shows that prohibition had been in force in Lamar County for three years before this prosecution was begun and at the time of the trial. The State proved four sales of intoxicating liquor by appellant from the latter part of September to some time in January following, and that during and before this time he had received through the express company eight distinct shipments of liquor, which he admitted receiving. The court in a proper charge, to which there was no complaint, submitted every issue aptly to the jury. The evidence was sufficient to sustain the conviction.

There is no bill of exceptions. In his motion for a new trial he complains of the court overruling his motion for a continuance. He took no bill to the court's action, hence that question can not be reviewed under the well established law of this State. Appellant has filed no brief.

The judgment is affirmed.

*Affirmed.*