## William C. Matthews v. The State.

No. 5322.    Decided February 26, 1919.

**1.—Wife Desertion—Sufficiency of the Evidence.**

Where, upon trial of deserting and failing to support defendant's wife and three-year-old son, under article 640a, P. C., the evidence was sufficient to sustain the conviction, there was no reversible error.

**2.—Same—Evidence—Harmless Error.**

Where the evidence admitted was in support of appellant's defense and was clearly harmless, there was no reversible error.

Appeal from the County Court of Law of Harris. Tried below before the Hon. Walter E. Monteith.

Appeal from a conviction of wife and child desertion; penalty, six months confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was charged and convicted of deserting and failing to support his wife and three-year-old son. The punishment fixed was confinement in the county jail for a period of six months.

The statute, article 640a, P. C., provides that any husband who shall wilfully, or without justification, desert, neglect or refuse to provide for the support and maintenance of his wife who may be in destitute or necessitous circumstances, or any parent who shall wilfully, or without justification, neglect or refuse to provide for the support and maintenance of his child under the age of sixteen years, in destitute or necessitous circumstances, shall be deemed guilty of a misdemeanor.

The evidence was such as to justify the conclusion that appellant was an able-bodied and capable man; that he had been for several months, prior to the beginning of the prosecution, earning five or six dollars per day. He admitted on the trial, taking place in July, 1918, that during the year he had furnished for the support of his wife and three-year-old child but the sum of five dollars. It appears that his wife was working in a bagging factory for seven or eight dollars a week and had no other means of support for herself and child; that they depended in a large measure upon charity. He attempted to justify his neglect upon the ground of infidelity on the part of his wife, which theory the evidence wholly failed to sustain, and it appeared that while he did not live in the same house with her he did visit her from time to time and engage in sexual intercourse with her.

We are unable to accept the proposition advanced by the appellant that the evidence is insufficient to support the conviction. One of the witnesses for the appellant testified that his wife married him when he was drunk. This witness was asked upon cross-examination if appellant's wife drank whisky, to which an affirmative reply was given, and exception was reserved upon the ground that it was immaterial and incompetent. We are unable to comprehend its relevancy from the standpoint of the State. It tended, however, to support the appellant's defense and was clearly harmless if immaterial or incompetent.

The judgment is affirmed.

*Affirmed.*