### Ed Reid v. The State.

No. 6026.   Decided December 16, 1920.

Rehearing Denied January 12, 1921.

**1.—Child Desertion—Evidence—No Reversible Error.**

Where upon trial of child desertion, the State's witness testified that the children of defendant were left with him, and that the defendant failing to provide for them they were taken to the Salvation Army Orphanage, there was no reversible error on that ground, nor was his bill of exceptions well taken because said witness was permitted to testify that after defendant was arrested he gave bond.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of child desertion, the evidence sustained the conviction, there was no reversible error.

**3.—Same—Rehearing—Theory of Defense.**

Where, appellant on motion for rehearing urged that the record on appeal showed that he had made an arrangement with another to care for his children for a monthly stipend, and that even tho he failed to pay for such care as he had agreed to, yet that if the person who kept the said children did not permit them to suffer for any needful things of life, that he was not guilty of the offense of abandoning his said children, the same was untenable, and shows no such ground of good faith or inability to care for his children as would constitute a legal defense.

Appeal from the County Court of Kaufman. Tried below before the Honorable J. P. Coon.

Appeal from a conviction of child desertion; penalty, twenty-five dollars and thirty days confinement in the county jail.

The opinion states the case.

*Ross Huffmaster,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Kaufman County of child desertion and his punishment fixed at a fine of twenty-five dollars and thirty days confinement in the County jail.

Appellant has two bills of exception in the record, which is very short. But one witness testified, he being the gentleman with whom appellant left his two children some time in February, 1920. This witness testified that appellant brought his two little girls, one about five years old, and the other younger, to witness's house and left them there, agreeing to pay fifty dollars a month for their keep, and that during the months of February and March appellant paid a total of fifty-seven dollars, and thereafter paid no more. Some time in July this witness caused complaint to be filed against appellant, charging him with wilfully deserting said children. The trial occurred in September, 1920, and while testifying said witness further stated that after the complaint against appellant was filed, said children were taken to the Salvation Army Orphanage. The first bill of exceptions complains of the admission of the testimony in the record to the taking of said children to the orphanage. No conversation appears in the record or is shown in the bill as accompanying said transaction. We think the whereabouts and condition of said children from the time appellant left them with said witness were material facts as affecting the question of his wilful abandonment and desertion of them. The fact that they were taken by the witness, or any other person, six or eight months after appellant left them, to the orphanage, would not be evidence that would be injurious to him, and we do not think that any error was committed in the admission of such testimony. The other bill of exceptions complains that said witness was permitted to testify that after appellant was arrested that he gave bond. We see nothing in this bill presenting any error.

The other matters appearing in the motion for new trial are not presented by bills of exceptions and we cannot consider them. We do not think the Trial Court erred in refusing to instruct a verdict of not guilty, nor do we think the record without evidence to support the conviction. It was in testimony, without controversy, that from February to the time of trial, appellant only contributed to the support of said two children the sum of fifty-seven dollars. Appellant did not

see fit to introduce any evidence showing any excuse or justification
for such conduct, and we think the jury warranted in concluding that
it was without justification.    Finding no error in the record, the
judgment will be affirmed.

*Affirmed.*

ON REHEARING.

January 12, 1921.

LATTIMORE, Judge.—Appellant makes his motion for rehearing,
urging in substance that the record shows that he had made an arrange-
ment with a Mr. Taylor to care for his children for a monthly stipend,
and that even tho he failed to pay for such care as he had agreed to, yet
that if Mr. Taylor kept said children of his own accord, without per-
mitting them to suffer for the needful things of life, this situation did
not amount to an abandonment of said children or a leaving them in
destitute and necessitous circumstances; and that to punish appellant
under such facts would be tantamount to imprisonment for debt.    We
cannot agree to this contention.    To our minds it appears that if appel-
lant be correct in this, then an arrangement to care for helpless children
for a stipulated amount from month to month, could be used as an
excuse for permanent abandonment, and the charitable kindness of
those who create orphanages to care for such children could be made
cities of refuge for those who have not cared for their own.    The
statute in question requires that the facts show a wilful desertion, and
if the evidence in any case shows a continuing contract in good faith,
or a case of inability to care for one's children or justification of failure
to do so, the offense would not be made out.    These are questions for
the jury, under appropriate instructions.    Nothing of the character
above indicated appears in this record.

We adhere to our ruling as to the admissibility of the fact that said
children had been sent to an orphanage after the lapse of a number
of months, and before this trial.    Mr. Taylor, the gentleman with
whom appellant left said children, stated that he was no longer able
to care for them, and two other gentlemen, whom he named, had carried
them to said orphanage.    That said children had been so disposed of
was not a fact in any way affecting the wilful desertion of said chil-
dren by appellant or calculated to create prejudice against him, and
could not have affected the question of his desertion of them any more
than evidence that he had permitted them to remain for the same time
at Mr. Taylor's home without support or attention on his part.

We perceive no possible injury in this evidence, and the motion for
rehearing will be overruled.

*Overruled.*