## John F. Williams v. The State.

### No. 6235.   Decided May 4, 1921.

### Rehearing denied June 21, 1921.

1.—Desertion of Child—Sufficiency of the Evidence.

Where, upon trial of the offense of desertion of his child the defendant was convicted and the evidence sustained the conviction, there was no reversible error.

2.—Same—Transcript—Record—Complaint—Practice on Appeal.

The failure to incorporate in the record, on appeal, a complaint made in the court below is simply a ground for dismissal, and upon correction of such record by supplying the missing complaint, the appeal will be reinstated and tried on its merits.

3.—Same—Information—Separate Counts—Practice on Appeal.

Where defendant complained, on appeal, of the fact that the information contained one count for wife desertion and another for desertion of his minor child, and that the State dismissed the first count and that this could be pleaded in bar to the prosecution to the second count; the same is untenable and there is no 'reversible error.

4.—Same—Husband and Wife—Parent and Child—Justification.

Where one abandoned his wife or children, he cannot seek justification by claiming that he knew that he had relatives who would take care of them and not let them suffer, and where defendant was convicted of the desertion of his child, there was no reversible error.

Appeal from the County Court of Collin. Tried below before the Honorable T. O. Murray.

Appeal from a conviction of child desertion; penalty, a fine of $400, and six months' imprisonment in the county jail.

The opinion states the case.

*Woodville J. Rogers,* for appellant.—On question of the insufficiency of the evidence: Mercardo v. State, 218 S. W. Rep., 491; Verse v.

State, 193 id., 303; Wallace v. State, 210 id., 206; Windham v. State, 192 id., 248.

*R. H. Hamilton,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for desertion, including the refusal to provide for the support and maintenance of his child. Punishment is fixed at a fine of $400 and confinement in the county jail for six months.

The sufficiency of the evidence is assailed. The prosecution was established August 30, 1920, and tried in December, 1920. Appellant married in September, 1918. He abandoned his wife in November, 1919. She, at the time, was living with appellant's father, who was in very poor circumstances. She remained there a week and then went to the home of her own father, who was old and also very poor. Appellant left no money or means of support save that his father testified upon the trial that while he had not so informed the appellant's wife, he would have been willing for her to have remained as a member of his family.

Appellant's child was born in March, 1920. It had received no support from the appellant; had no property; its mother was unable to support it; it was dependent upon the charity of relatives, who were liekwise unable to maintain it.

No communication with appellant was exchanged until about five days before the prosecution began, though the wife sought, in the meantime, to learn of the whereabouts of her husband. About five days before the prosecution he wrote her a letter and offered to renew his relations with her, admitting his wrong and seeking forgiveness. This she declined.

Appellant testified that at the time of his departure he went to East Texas in search of work; that he returned in about three weeks and learned that his wife had gone to her father. He did not claim to have had any contract or agreement with his father to support her; that he did not go to his wife on his return because he regarded himself as unwelcomed at her father's house. He knew of her pregnancy at the time of his departure. He claimed to have made arrangements for medical attention during her confinement but that this was controverted.

We are unable to concur in the view of the appellant. In our opinion, the proof shows the commission of the offense charged.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

June 22, 1921.

LATTIMORE, Judge.—In his motion for rehearing appellant calls attention to the fact that the complaint upon which the prosecution was based in the County Court of Collin County, did not appear in the record. Our Assistant Attorney General observed the absence of said complaint and very wisely and correctly had obtained from proper authorities a duly certified copy of said complaint and had same filed with the record herein before the matter was called to our attention upon motion for rehearing. Failure to find incorporated in the record a complaint, would be no more than ground for dismissing the appeal, and upon correction of such record by supplying the missing complaint, if in fact one was on file in the lower court, we would re-instate such appeal and consider the case on its merits. Believing that the record has been sufficiently corrected, we do not uphold appellant's contention that this case should be reversed for lack of such complaint, or his appeal dismissed.

Appellant also insists that because of the fact that the information contained two separate counts, one charging wife desertion and the other desertion of his minor child; and the further fact that after the evidence was introduced the State elected apparently to ask for a conviction only upon the second count, that, therefore, it is established that appellant was innocent of the offense charged against him in the first count, and that he is entitled to urge that fact as in some way in bar of his prosecution under the second count. We do not attach to the action of the State in the lower court in such election the same significance attached thereto by appellant. In misdemeanor cases the State may charge separate and distinct offenses in different counts, and in the instant case it is unquestionably true that the charge in one count, of desertion of appellant's wife was a separate and distinct offense from that charged in the second count, which was his desertion of his child. We do not think that the fact that the State, for reasons supposedly sufficient to the prosecuting attorney in the court below, did not ask for a conviction upon the first count would in anywise imply or create any presumption in favor of the accused which could relieve him from prosecution under the remaining count or cast doubt on his guilt. There is abundant evidence on the part of the State that appellant, without any sufficient excuse and in such manner as to justify his act as being considered wilful, abandoned his wife when she was in a delicate condition, and thereafter offered her no support and made no effort to care for his child after its birth at any time. Contention is made that because a few days prior to the actual institution of the prosecution herein, he seems to have offered to renew his conjugal relations with his wife, that t his would condone, if not prevent, his being held guilty of child desertion. We do not think such act

would prevent a prosecution of one accused of such crime, either for desertion of the wife or child, and that such offer on his part would be only to be considered by the jury in determining the good or bad faith of the accused and in arriving at a solution of the question of whether his alleged desertion was wilful or not.

Neither do we think that one who abandons his wife or children may seek justification by claiming that he knew they had relatives who would take care of them and not let them suffer. Very few people are permitted to suffer for food or clothing in this country of ours where generosity abounds and orphanages extend their welcoming hands to those who are deprived of shelter and home, but such facts afford neither excuse nor justification to those who are charged by the law of nature and the law of the land with the primary duty of caring and providing for such children and women.

We find no sufficient reason presented in the motion for rehearing for changing our former opinion, and the motion for rehearing is overruled.

*Overruled.*