WILL CLAYBROOK v. THE STATE.

No. 7163.   Decided April 4, 1923.

1.—Transporting Intoxicating Liquor—Companion Case.

Where the facts are identical and the legal questions the same as raised in the companion case, and there settled adversely to appellant's contention, the judgment must be affirmed.

2.—Same—Rehearing—Confession—Arrest—Motion for New Trial.

If there be anything in the record presenting objection to any testimony claimed to be in the nature of a confession, this court has been unable to find it, and there was nothng to show that the appellant was under arrest and unwarned, and there was no error; besdes, questions raised only in the motion for a new trial will not be considered in the absence of a bill of exceptions.

Appeal from the District Court of Knox. Tried below before the Honorable J. H. Milam.

Appeal from a conviction of transporting intoxicating liquor; penalty, one and one-half years imprisonment in the penitentiary.

The opinion states the case.

*A. G. Nicholson* and *Cecil Storey,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for the unlawful transportation of intoxicating liquors with a punishment of one and one-half years confinement in the penitentiary.

This is a companion case to Land v. State, 93 Texas Crim. Rep., 470, and Glover v. State, 94 Texas Crim. Rep., —, both reported in 247 S. W. Rep., on pages 554 and 556. The facts are identical, and the legal questions the same as raised in Land's case, and there settled adversely to appellant's contention. The objection to certain testimony as being violative of the statute on confessions (Code Cr. Proc. Art. 810) which called for reversal of Glover's case was not raised in the instant one, leaving this in all respects like Land's and demands a similar disposition.

The judgment is accordingly affirmed.

*Affirmed.*

### ON REHEARING.

### June 27, 1923.

LATTIMORE, JUDGE.—If there be anything in the record presenting objection to any testimony claimed to be in the nature of a confession, we have been unable to find it after diligent search in the light afforded us by the motion for rehearing. Appellant asked four special charges, all of which were given save the one requesting a peremptory instruction of not guilty. He has nine bills of exception, only one of which refers in any way to the actions or words of the accused under circumstances in which he might be deemed under arrest, and this bill, after its recital of the facts objected to, states the objection as follows:

"Which testimony was objected to by the defendant, at the time it was offered, upon the following grounds, to-wit:

'As being incompetent, irrelevant and immaterial, highly prejudicial, has nothing to do with the count in the indictment for which the defendant was being tried, to-wit: transporting whisky, as to which way he went after he was arrested, or whether he went on his own accord or not.' "

This manifests no objection to anything on the ground that appellant was under arrest and unwarned, nor is there aught in the facts stated in said bill from which this court could infer that appellant was then under arrest. Questions of procedure during a trial, raised only in the motion for new trial, and not supported by a bill of exceptions taken at the time of trial, would not ordinarily present

the questions in such manner as to call for the consideration of this court.

Appellant's motion for rehearing is overruled.

*Overruled.*