### JIM FLOWERS V. THE STATE.

No. 8200. Decided April 30, 1924.

Rehearing denied, October 29, 1924.

**Unlawfully Carrying Pistol—Bills of Exception—Must File in Time.**

Bills of exception filed after the time granted by trial court will not be considered. Merely delivering bills of exception to trial court, does not constitute filing. See sec. 219 Branch's Ann. P. C. This rule also applies to filing of statement of facts.

Appeal from the County Court of Dallas County at Law No. 1. Tried below before the Hon. W. N. Coombes, Judge.

Appeal from a conviction for unlawfully carrying a pistol; penalty, fine of one hundred dollars.

*Claud M. McCallum,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful carrying of a pistol; punishment fixed at a fine of two hundred dollars and confinement in the county jail for a period of seven months.

The term of court in which the judgment was rendered terminated on May 23, 1923. On June 21st following, the court extended the time for filing the bills of exception until thirty days after June 23rd. The bills of exception were filed on August 3rd.

One of the bills complains of the misconduct of the jury. Such a bill of exception, to authorize consideration, should have been filed during the term in which the trial took place. All of the bills should have been filed within the time designated in the court's order of extension, namely, within thirty days from June 23d. That they were filed subsequent to this time precludes their consideration upon this appeal, there being nothing in the record explaining or excusing the delay.

A recital of the evidence is not necessary. Suffice it to say that it is sufficient to support the verdict.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

LATTIMORE, Judge.—Appellant seems to be under the impression that we did not consider his statement of facts in connection with our original opinion. He is mistaken. The statement of facts was filed within the time allowed by law and was considered by us.

We regret that we could not and cannot consider the bills of exception. One who has been convicted of crime and wishes to perfect his appeal, may not take bills of exception to the judge and leave them with him an indefinite time, and until the time has expired, and be held to have complied with the law. The presentation of statement of facts and bills of exception to the judge who tried the case for his approval, is not *ipso facto* tantamount in law to the filing of such documents. See Sec. 219 Branch Ann. P. C. Such appears to have been the course of the appellant in the instant case. He took his bills of exception to the judge and left them with him and they were kept by him until the time had expired.

The setting up of alleged errors in the motion for new trial, even though such motion be sworn to, is not sufficient to bring them before this court for review in the absence of some complaint by bills of exception, or if the matter be one which could be here presented by some statement of fact filed during the term showing error, in the absence of such statement same could not be considered.

The motion for rehearing will be overruled.

*Overruled.*