### George Wilkerson v. The State.

No. 8297.   Decided June 27, 1924.

**Wife and Child Desertion—Sufficiency of the Evidence.**

Where, upon trial of wife and child desertion, the evidence is sufficient to support the conviction, there is no reversible error, and the fact that appellant's wife and children were sheltered under the roof of the wife's mother and were fed at her table would not necessarily constitute a defense. Following: Williams v. State, 89 Texas Crim. Rep., 560, and other cases.

Appeal from the County Court of Harris.   Tried below before the Honorable Roy F. Campbell.

Appeal from a conviction of wife and child desertion; penalty, a fine of twenty-five dollars.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard*, Attorney for the State and *Grover C. Morris*, Assistant Attorney for the State.

MORROW, Presiding Judge.—The conviction is for wife and child desertion; punishment fixed at a fine of twenty-five dollars.

In the information it is charged that appellant deserted his wife and two children, ages respectively eight and six years.   The information is in accord with the statute, Art. 640a, P. C.

The case was tried before the court without the intervention of a jury.   That the wife had left the habitation of the appellant and had become an inmate of the home of her mother, and that the children mentioned were with her are conceded facts.   According to her testimony, the separation was due to the cruel treatment of the appellant, he having cursed and struck her on the day of her departure.   It appeared from her testimony that she and her children were without resources and were left upon the bounty of her mother.

Appellant in his testimony attributed their disagreement to his complaint of her neglect of her household duties and the children. While they were living together in rented premises, appellant had a charge account at a grocery store where his credit was good.   After the separation he gave no instructions to the grocer to refrain from honoring the orders of the wife.   Upon this fact he, on the trial, based the theory that there was an absence of proof of destitution in that his wife, if she had chosen to do so, could have purchased groceries upon his account and that if she had done so, payment would have been made by the appellant.

Without discussing the evidence in detail, it is made plain from the record that if the State's testimony was true, the separation was

due to the misconduct of the appellant. The children were of tender age. After the separation, no affirmative step had been taken by the appellant to provide for their necessities. The fact that the appellant's wife and children were sheltered under the roof of the wife's mother and were fed at her table would not necessarily constitute a defense. Williams v. State, 89 Texas Crim. Rep., 560, .232 S. W. Rep., 507; Matthews v. State, 84 Texas Crim. Rep., 622; Curd v. State, 86 Texas Crim. Rep., 552; Reid v. State, 88 Texas Crim. Rep., 364; 226 S. W. Rep., 408; Boattenhamer v. State, 84 Texas Crim. Rep., 210.

We are not able to say that in finding the appellant guilty, the learned trial judge, to whom the facts, as well as the law, were submitted, was not warranted by the evidence.

The judgment is affirmed.

*Affirmed.*