### MATEO RAMOS V. THE STATE.

No. 10962.   Delivered June 1, 1927.

Rehearing denied October 19, 1927.

**1.—Robbery With Firearms—Evidence—Identification of Accused—Properly Admitted.**

Where, on a trial for robbery with firearms, it was not erroneous to permit the prosecuting witness to testify that the size, build, and features of the person who held him up were the same as those of the appellant. Objection to this testimony went more to the weight, than to the admissibility.

**2.—Same—Evidence—Impeaching the Defendant—Proof of Other Indictments—Properly Received.**

Where appellant had testified as a witness in his own behalf, there was no error in permitting the state to prove on his cross-examination that there was another and different felony indictment pending against him. This has been uniformly held proper practice by this court for many years.

**3.—Same—Argument of Counsel—Addressing Juror by Name—Improper Practice.**

While it is not proper practice for the prosecuting attorney to address members of the jury personally by name, it has never been held that to do so would demand the reversal of a case, unless injury was clearly shown.

**4.—Same—Bill of Exception—When Multifarious—Presents No Error.**

Where appellant embraced his entire motion for a new trial, containing eleven paragraphs in one bill of exception without specifically pointing out any particular paragraph or grounds in the motion the appellant relies on for a reversal, such bill is multifarious and contrary to the rule repeatedly announced by this court. Following Nugent v. State, 273 S. W. 598, and Kitchen v. State, 276 S. W. 259, and cases cited in opinion on rehearing.

**5.—Same—No Error Discovered.**

On rehearing, nothing is presented which impresses the court that proper disposition of all issues was not made in our original opinion, and the motion is overruled.

Appeal from the District Court of Reeves County. Tried below before the Hon. Ben Randals, Judge.

Appeal from a conviction for robbery with firearms, penalty twelve years in the penitentiary.

The opinion states the case.

*Harper & Howard* of El Paso, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of robbery with firearms, and his punishment assessed at twelve years in the penitentiary.

It was the theory of the state that the appellant, on or about the night of September 15, 1925, in the town of Pecos and in company with another Mexican, drew a pistol upon the prosecuting witness, Will Smith, a negro, robbed him of a watch and some money, and then shot the said witness just as he was leaving the scene of the robbery.

The appellant's defense was that of an alibi.

The record contains five bills of exception.

In bill No. 1 complaint is made to the action of the court in permitting the state to prove by the prosecuting witness that the size, build and features of the person who held him up were the same as those of the appellant. Appellant contends that said testimony was inadmissible because the witness had previously testified that it was a dark night and that he could not recognize the man who robbed him, and further contends that the question was leading and suggested the desired answer. The objection raised to this testimony went more to the weight than to the admissibility of same, and the contention to the effect that the question was leading, if true, is not of such a nature as would authorize this court to reverse the case.

Bill No. 2 complains of the action of the court in permitting the state to prove by appellant on cross-examination that there was another and different felony indictment pending against him.

The appellant contends that this testimony was prejudicial and inadmissible. We are not in accord with this contention. It has been the uniform holding of this court for many years that a defendant may be interrogated on cross-examination relative to other charges of felonies or misdemeanors involving moral turpitude pending against him, for the purpose of affecting his credibility as a witness.

Bills 3 and 4 complain of the action of the District Attorney in addressing two of the jurors by name in his closing argument, stating in effect that unless the jury did their duty robberies would be encouraged and some good citizen would be the next victim. It is contended by appellant that the attorney's action in personally appealling to the jurors was inflammatory and prejudicial. These bills, as presented, show no reversible error. This court has heretofore held that such a practice was improper, but we know of no decisions, and are cited none by appellant, where this court has ever held that the mere addressing of a juror by name was reversible error. We are furthermore of the opinion that such a practice is more likely to be detrimental than beneficial to the state, in that the balance of the jurors might be inclined to resent such conduct upon the part of the District Attorney in appealing directly to certain jurors and ignoring the remainder.

In bill No. 5 is set out in full the amended motion for new trial, embracing 11 paragraphs, and there is included an order of the court overruling same and the notice of appeal to this court. This bill is multifarious and insufficient to apprise this court specificially of what particular paragraphs or grounds in the motion the appellant relies on for a reversal, and is contrary to the doctrine announced by this court in Nugent v. State, 273 S. W. 598, and Kitchen v. State, 276 S. W. 259. Such a bill adds nothing to the exception and notice of appeal set out in the order of the court overruling said motion.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The document designated as bill of exceptions No. 5 was in fact a motion for new trial. It

·contains eleven subdivisions complaining of various matters occurring upon the trial. To invoke a review on appeal of the rulings of the court of which complaint is made in the present motion for new trial, they should have been challenged at the time the rulings were made and bills of exception preserved as required by Art. 667, C. C. P., 1925, and the civil statutes to which it refers. A motion for new trial cannot be made the substitute for a bill of exceptions. Many announcements of this law will be found in Vernon's Tex. C. C. P., 1925, Vol. 2, p. 362, note 22. Among them will be mentioned Morse v. State, 83 Tex. Crim. Rep. 153; Watson v. State, 87 Tex. Crim. Rep. 189; Wilson v. State, 87 Tex. Crim. Rep. 538; Reid v. State, 88 Tex. Crim. Rep. 364; Claybrook v. State, 95 Tex. Crim. Rep. 88; Madison v. State, 95 Tex. Crim. Rep. 439; Flowers v. State, 98 Tex. Crim. Rep. 253.

Deeming the other matters to which the motion for rehearing relates, properly decided and sufficiently discussed in the original hearing, further reference to them is omitted.

The motion is overruled.                    *Overruled.*