# JUNE 21, 1939

MARION CLARK V. THE STATE.

No. 20383. Delivered June 21, 1939.

The opinion states the case.

*Owen D. Cox* and *Chas. L. Hale, Jr.,* both of Corpus Christi, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with the murder of Nettie Washington, and given a penalty of thirty-two years by a jury.

All parties are colored, and we deem the facts to be sufficient without setting them out herein.

There are no bills of exception found in the record save two that are denominated as such by appellant's attorneys. It appears therefrom that the State's attorney attempted to argue before the jury the suspended sentence law, and what its effect would be on a verdict in this case, in the same terms as was done in the case of Juan Pena v. State, our No. 20396, decided on June 14, 1939. (Reported on page 311 of this volume.) We fail to find that any exception was taken to such argument, and the trial court was given no opportunity to correct the error, if such there was, at the time of the occurrence. The office of a bill of exceptions is altogether different from an objection.

"In the absence of an exception, an objection is lost, no matter what its intrinsic merits are." 4 Texas Jur., p. 92.

"Where the defendant objects to an improper argument of the State's attorney, and prepares and presents a written charge instructing the jury not to consider the objectionable remarks, if the court refuses to sustain his objection, he should, in order to raise the point on appeal, except both to the ruling and to the refusal to give the requested charge." 4 Texas Jur., p. 96.

In this cause, however, we find that no objection was made to the argument, and of course no exception taken relative thereto. We find that the first mention made thereof is in the motion for a new trial, and an endeavor to take advantage of the supposed erroneous argument of the State's attorney made only in the motion for a new trial. An exception to the overruling of such motion for a new trial is offered as supplying the failure to object and except to such argument. The failure to timely object can not be supplied in that manner. We quote again from 4 Texas Jur., p. 102: "In general, an exception to the denial of a motion for new trial is not necessary, and it is uniformly held that such an exception does not suffice to preserve objections to proceedings had upon the trial to which exceptions should have been taken at the time of their occurrence."

We quote from Ramos v. State, 298 S. W. Rep. 432: "To invoke a review on appeal of the rulings of the court of which complaint is made in the present motion for new trial, they should have been challenged at the time the rulings were made, and bills of exceptions preserved as required by Article 667, C. C. P. 1925, and the civil statutes to which it refers. A motion for new trial can not be made the substitute for a bill of exceptions. Many announcements of this law will be found in 2 Vernon's Texas C. C. P. 1925, p. 362, note 22. Among them will be mentioned Morse v. State, 83 Texas Cr. R. 153, 201 S. W. 1158; Watson v. State, 87 Texas Cr. R. 189, 220 S. W. 329; Wilson v. State, 87 Texas Cr. R. 538, 223 S. W. 217; Reid v. State, 88 Texas Cr. R. 364, 226 S. W. 408; Claybrook v. State, 95 Texas Cr. R. 88, 252 S. W. 766; Madsen v. State, 95 Texas Cr. R. 439, 254 S. W. 955; Flowers v. State, 98 Texas Cr. R. 253, 265 S. W. 387."

While a different question may have been presented to us had an objection and exception been taken to the complained of remarks at the time same were supposed to have been made, we do not feel inclined to enlarge upon this time-honored rule.

To do so would leave the trial court helpless to correct some error, fancied or otherwise, by failing to object thereto as long as the trial was in progress, but to offer such objection after same was concluded and the jury discharged, would put a premium on a lack of diligence on the attorney's part, and would result in endless confusion.

In our opinion the very thing that the above rule requiring an objection and exception was intended to guard against has arisen in this case. The district judge in his certificate to this bill states: "The court cannot and does not certify as to the correctness of the foregoing purported excerpt from the speech of the assistant district attorney, because no official stenographic record was taken thereof, but the court is informed by the counsel for the State that the excerpt as herein contained was agreed upon as being true and correct."

It will appear from the above that the court is in no position to certify that such remarks were actually made, but must rely alone upon an agreement of the State's attorney that such were made. The office of an objection and exception is thus usurped by an agreement of the attorneys, and if such were countenanced by us, it would not be necessary to utilize the services of the judge in certifying or approving any bill of exceptions. They could all be presented by an agreement. We hold that such an argument as is herein complained of should have been verified by a bill of exceptions; that the motion for a new trial will not suffice to present the same for review. See 4 Texas Jur., p. 109, and many authorities there cited.

It naturally follows, therefore, that the jury had a right to discuss the facts as well as the argument that was permitted to be heard by them without any objection thereto. They certainly could not be expected to know that an argument was objectionable which was not objected to by appellant's attorneys.

This is the only matter called to our attention by an attempted bill of exceptions. We have reviewed the facts, and they are deemed sufficient to support the verdict of the jury. Thus believing, the judgment is affirmed.