# NO. 12-16-00035-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CORY DEVOYSE FINN,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *CRIMINAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *DALLAS COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Cory Devoyse Finn appeals from his conviction for failure to stop and render aid. In two issues, Appellant contends that the trial court violated his rights to allocution and trial counsel rendered ineffective assistance. We affirm.

## BACKGROUND

Delma Moss, an employee for the City of Dallas's street department, testified that he responded to a call of a tree down. While Moss and his coworker, Lawrence Davis, removed the tree from the road, a vehicle approached and struck Moss. Davis and Moss both testified that the driver never stopped. Neither Moss nor Davis saw the driver's face. However, Davis found a piece of the vehicle that had been left behind.

Officer Daniel Harris with the Dallas Police Department testified that he heard the crash and saw a vehicle become airborne. When Harris approached the vehicle, the driver told Harris that he "f---ed up." Harris identified Appellant as the driver of the vehicle. He testified that Benny Williams was a passenger in the vehicle. While Harris awaited the arrival of additional officers, he saw Appellant and Williams exit the vehicle and head in separate directions. He maintained constant contact with Appellant, and he testified that the two men were apprehended shortly thereafter. Officer Charles Fleming, also with the Dallas Police Department, testified that the piece of the vehicle found by Davis matched Appellant's vehicle.

Detective Brian Smith of the Dallas Police Department testified that he spoke with Williams and Moss, which enabled him to map out possible routes that the vehicle took from the first accident to the second accident. He testified that Appellant did not own the vehicle, but that he spoke with Jordan Ford, who said his aunt held title to the vehicle and that he had possession of the vehicle. Ford told Smith that Appellant, a friend of Ford's, had taken the vehicle. Approximately one year after the accident, Smith learned that Ford claimed to be the driver of the vehicle at the time of the accident. Ford subsequently told Smith that he was driving and that Williams was seated in the passenger seat. He also told Smith that Appellant was seated in the back seat at the time of the accident, the vehicle became disabled after striking Moss, he abandoned the vehicle, and Appellant said he would "take care of it." Smith testified that Williams never mentioned a third individual being inside the vehicle. Smith opined that Ford's version of the events did not add up based on the facts as known to Smith.

Ford testified that he was intoxicated and driving the vehicle when he ran into a tree in the road, but did not see Moss or Davis. He claimed that the vehicle was his, but was in his aunt's name. Ford denied lending the vehicle to Appellant, but he testified that Appellant was in the vehicle when the accident occurred. According to Ford, the vehicle's tires were flat, he exited the vehicle, and he left the keys with Appellant. Ford testified that Appellant was going to take care of the vehicle. He explained that Appellant had feelings for him, which Ford knew, so he took advantage of those feelings and allowed Appellant to take the blame. He later decided that he could not allow Appellant to be punished for a crime that Ford committed.

The jury found Appellant guilty of failure to stop and render aid. Appellant pleaded "true" to one enhancement paragraph. The jury assessed punishment of imprisonment for eighteen years.

## ALLOCUTION

In his first issue, Appellant contends that the trial court violated his statutory and common law rights to allocution.

## Analysis

"Before pronouncing sentence, the defendant shall be asked whether he has anything to say why the sentence should not be pronounced against him." TEX. CODE CRIM. PROC. ANN. art. 42.07 (West 2006). Common law likewise affords a defendant the right to allocution. *See McClintick v. State*, 508 S.W.2d 616, 618 (Tex. Crim. App. 1974). The record does not indicate that the trial court asked Appellant if there was any reason why sentence should not be pronounced. However,

because Appellant failed to object to any violation of his allocution rights, his complaint is not preserved for appellate review. *See Norton v. State*, 434 S.W.3d 767, 771 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *see also Jarvis v. State*, 353 S.W.3d 253, 254 (Tex. App.—Fort Worth 2011, pet. ref'd). We overrule Appellant's first issue.

## INEFFECTIVE ASSISTANCE

In his second issue, Appellant maintains that trial counsel rendered ineffective assistance by failing to object to (1) Smith's testimony regarding Williams's statement; (2) certain prosecutorial arguments; (3) a sentence in the jury charge instructing that the State need not prove guilt beyond all possible doubt; and (4) violations of allocution rights.

### Standard of Review and Applicable Law

An appellant complaining of ineffective assistance must satisfy a two-pronged test. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *see also Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Under the first prong, the appellant must show that counsel's performance was "deficient." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. The appellant must show that "counsel's representation fell below an objective standard of reasonableness." *Id*., 466 U.S. at 688, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. Absent evidence of counsel's reasons for the challenged conduct, we assume a strategic motivation if one can be imagined, and we will not conclude that challenged conduct is deficient unless it was so outrageous that no competent attorney would have engaged in it. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

Under the second prong, an appellant must show that the "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. Prejudice requires a showing of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. The appellant must establish both prongs by a preponderance of the evidence or the ineffectiveness claim fails. *Tong*, 25 S.W.3d at 712.

Review of trial counsel's representation is highly deferential. *Id*. We indulge a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. The appellant bears the burden of overcoming the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id*.; *Tong*, 25 S.W.3d at 712. Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). The record on direct appeal is rarely sufficiently developed to fairly evaluate a claim of ineffectiveness. *Id*. at 833.

**Hearsay**

During Detective Smith's testimony, the State asked if Williams "ever [said] anything about a third person being in the car," to which Smith replied, "No, he did not." The following exchange occurred:

> State: But yet after speaking with Mr. Williams, he didn't -- he didn't say that Mr.
>        Ford was in the car?. . .
>
> Defense Counsel: Objection, hearsay.
>
> Trial Court: Sustained.

Unlike the State's second question, to which defense counsel successfully objected, the State's question as to whether Williams mentioned a third passenger was not designed to elicit testimony regarding an actual statement in violation of hearsay rules. *See Rodriguez v. State*, 903 S.W.2d 405, 411 (Tex. App.—Texarkana 1995, pet. ref'd) (holding that asking officer if witness ever said "you've got the wrong man" did not seek to elicit a "statement" for hearsay purposes). When possible, we assume a strategic motivation on defense counsel's part. *See Garcia v*, 57 S.W.3d at 440. In doing so, we conclude that counsel could have reasonably determined that the State's first question was not objectionable, as it did not seek to elicit an inadmissible hearsay "statement." *See Rodriguez*, 903 S.W.2d at 411; *see also* TEX. R. EVID. 801(a).

**Prosecutorial Argument**

During opening and closing arguments at the guilt phase of trial, the State referenced the "smoking mirrors" with which Ford was trying to distract the jury. This type of argument can be considered inappropriate under certain circumstances. *See Mosley v. State*, 983 S.W.2d 249, 258-59 (Tex. Crim. App. 1998). In this case, the State's argument was mild, was not directed at

Appellant or his counsel, and does not suggest that evidence was manufactured. *See id*. Under these circumstances, defense counsel could have believed that objecting would unnecessarily focus the jury's attention on the argument. *See Kuhn v. State*, 393 S.W.3d 519, 539 (Tex. App.—Austin 2013, pet. ref'd).

Additionally, the State called two jurors by name, saying "Ms. Madrid and Ms. Tillman, [at voir dire] you both talked about that you would look at the evidence, you would look at the evidence in the case and see how that lines up with what somebody is saying." Calling a juror by name is not reversible error. *See Ramos v. State*, 298 S.W. 431, 432 (Tex. Crim. App. 1927). "[S]uch a practice is more likely to be detrimental than beneficial to the state, in that the balance of the jurors might be inclined to resent such conduct upon the part of the district attorney in appealing directly to certain jurors and ignoring the remainder." *Id*. Defense counsel's decision to object to particular statements made during jury arguments is often a matter of legitimate trial strategy. *Kuhn*, 393 S.W.3d at 539.

During closing arguments at the punishment phase of trial, the State referenced Appellant's failure to take responsibility for the offense. Through Ford's testimony, Appellant presented evidence that he had not committed the charged offense. Thus, the State could properly argue that Appellant failed to take responsibility for the crime. *See Randolph v. State*, 353 S.W.3d 887, 895-96 (Tex. Crim. App. 2011) (holding argument that defendant failed to take responsibility was not improper in light of alibi evidence, which amounted to a denial of criminal responsibility). Defense counsel cannot be held ineffective by failing to object to proper jury argument. *See Browne v. State*, 483 S.W.3d 183, 199 (Tex. App.—Austin 2015, no pet.).

Additionally, after defense counsel argued for a sentence around five years but less than ten years, the State argued that

> [t]he full range here is 2 to 20, and the lower half of that range, that 2 to 10, that's intended for less severe cases. That's intended for Defendants with little or no criminal history. That's intended for cases that have no victims or no injuries; but the other half of that punishment range, that 10 to 20, that's what you should be considering.

Asking a jury to sentence the defendant to a term of years at the higher end of the punishment range is a legitimate plea for law enforcement. *See Asay v. State*, 456 S.W.2d 903, 905-06 (Tex. Crim. App. 1970); *see also Vanderhorst v. State*, 821 S.W.2d 180, 186 (Tex. App.—Eastland 1991, pet. ref'd). Moreover, counsel may have chosen not to object in an effort to avoid

drawing attention to the State's opinion that Appellant should receive a sentence at the high end of the punishment range. *See Kuhn*, 393 S.W.3d at 539.

**Jury Charge**

The jury charge contained the following instruction:

> The prosecution has the burden of proving the defendant guilty, and it must do so by proving each and every element of the offense charged beyond a reasonable doubt; and if it fails to do so, you must acquit the defendant.

> It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt.

The second paragraph, of which Appellant complains, merely "states the legally correct proposition that the prosecution's burden is to establish proof beyond a reasonable doubt and not all possible doubt." *O'Canas v. State*, 140 S.W.3d 695, 702 (Tex. App.—Dallas 2003, pet. ref'd). A trial court does not err by including such an instruction in the jury charge. *See Mays v. State*, 318 S.W.3d 368, 389 (Tex. Crim. App. 2010); *see also O'Canas*, 140 S.W.3d at 701-02. Defense counsel was not required to make frivolous objections to the charge. *See Brennan v. State*, 334 S.W.3d 64, 74 (Tex. App.—Dallas 2009, no pet.).

**Allocution**

Under article 42.07, the only reasons that, if proven, would prevent pronouncement of sentence are (1) the defendant received a pardon from the proper authority; (2) the defendant is incompetent to stand trial; and (3) there exists an issue as to mistaken identity. TEX. CODE CRIM. PROC. ANN. art. 42.07. The common law also gives the defendant a right to present a personal plea to the trial court in mitigation of punishment before the imposition of sentence. *McClintick*, 508 S.W.2d at 618. Appellant maintains that, had he asserted his allocution rights, he could have convinced the trial court that (1) he was not the person who committed the crime and so he should either receive mercy or not be sentenced; or (2) his HIV positive status calls his competency into question and renders an eighteen year sentence grossly disproportionate.

Assuming, without deciding, that trial counsel was deficient by failing to object to a lack of allocution, Appellant has not shown, by a preponderance of the evidence, that defense counsel's failure to object prejudiced his defense. At the time of punishment, the jury had already rejected evidence that Ford, not Appellant, committed the offense. Moreover, the record does not suggest that Appellant's alleged HIV status caused him to lack capacity to understand the nature and object

6

of the proceedings against him, consult with his counsel, or assist in preparing his defense. *See Turner v. State*, 422 S.W.3d 676, 688-89 (Tex. Crim. App. 2013). Additionally, the jury's sentence was within the applicable punishment range, and the record does not indicate that Appellant's sentence is grossly disproportionate to the offense. *See Ex parte Chavez*, 213 S.W.3d 320, 323-24 (Tex. Crim. App. 2006) ("Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal."). We conclude that Appellant has not demonstrated that, but for counsel's failure to object to a lack of allocution, he would have received a lesser sentence. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *see also Tong*, 25 S.W.3d at 712.

Under the circumstances of this case, we conclude that Appellant's claims of ineffectiveness are not firmly founded in the record. *See Bone*, 77 S.W.3d at 835. He has failed to establish that trial counsel rendered ineffective assistance. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2065; *see also Tong*, 25 S.W.3d at 712. We overrule his second issue.

## DISPOSITION

Having overruled Appellant's two issues, we *affirm* the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered July 20, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 20, 2016**

**NO. 12-16-00035-CR**

**CORY DEVOYSE FINN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the Criminal District Court
of Dallas County, Texas (Tr.Ct.No. F-1457024-H)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*