### G. K. HARRISON v. THE STATE.

No. 11897. Delivered October 31, 1928.
Rehearing denied January 16, 1929.

314

 

 

The opinion states the case.

*Briscoe & Morris* of San Antonio for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for theft of a hog; punishment being two years in the penitentiary.

There seems to be no doubt of appellant's guilt. His confession in connection with other evidence in the record establishes that fact.

It appears from bill number one that the district clerk had testified that an indictment was pending against appellant in another case in the district court. Appellant asked the witness if "only one confession had been filed in court." Objection to this question was sustained. Such ruling is made the basis of complaint. The bill is too meager to predicate upon it a holding that error was committed. We must presume that the court ruled correctly unless the bill complaining thereof is sufficiently full to manifest error. The bill fails to do this. We gather from appellant's brief he was contending that in view of his request for suspended sentence and the district clerk's testimony about another indictment, appellant had the right to show that it was carved out of the same transaction upon which the present prosecution was pending, and that to show only one confession had been made by appellant would tend to establish such claim. We cannot look to the brief to supplement the bill. The jury had information that only one confession had been made by appellant through the testimony of the county attorney to whom the confession was made.

The only other bill of exception shows no error.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Insistence appears on rehearing upon the proposition that the trial court erred in sustaining the State's objection to the statement by appellant's counsel to witness Dawson: "Only one confession filed in this court?" We have again examined the bill of exceptions presenting this complaint. We are utterly unable to perceive the point attempted to be made. No statement appears as to what answer was expected, nor does the question seem to relate itself in any way to the testimony immediately surrounding it.

Being unable to agree that any error appears, the motion for rehearing will be overruled.

*Overruled.*