HOUSTON ROBINSON v. THE STATE.

No. 12429. Delivered April 10, 1929.
Rehearing denied June 5, 1929.

522

The opinion states the case.

*Hale Etter* of Houston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, cattle theft; penalty, two years in the penitentiary.

The hide of a freshly slaughtered yearling was found on a river bank. It was identified as having come from a missing yearling belonging to W. T. Matthews. A search revealed the tracks of a horse which had apparently circled an animal. The tracks of this

horse were of a peculiar nature and their trail led to the home of appellant. There officers found some specks of blood on the gallery and freshly washed men's clothes with some specks on them which appeared to be blood. It was further shown that some fresh beef was found near the home of appellant. A horse whose tracks appeared identical with those referred to was also found and is shown to have belonged to one Bill Turner. Turner testified that appellant had borrowed this horse on the night the animal is supposed to have been stolen. He testified also to other incriminating facts.

It is claimed that Turner was an accomplice and was not sufficiently corroborated. We are of the opinion that the facts, a brief statement of which is shown above, were sufficient to corroborate Turner, under rules of law regarding such matters too frequently stated to here need repetition.

The appellant claims error in the action of the Court in overruling his motion for new trial for newly discovered evidence. The order of the Court pertaining to this matter recites that evidence was heard. Such evidence is not brought up in the record. Under these circumstances we must presume that the action of the trial court in overruling appellant's motion regarding this matter was correct. Burrell v. State, 11 S. W. (2nd) 794; Cooper v. State, 13 S. W. (2nd) 834.

It is further complained that appellant was not permitted on cross examination to elicit certain answers from the witness Turner. The answer or answers expected are not set out in the bill. The bill, we think, is deficient in other respects and presents nothing for review. Serna v. State, 7 S. W. (2nd) 543; Harrison v. State, 12 S. W. (2nd) 795.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The announcement made in the original opinion to the effect that when the order overruling the motion for new trial states that the evidence was heard thereon this court is not in a position to know what influenced the trial judge

when the record is void of statement of facts or bills of exception revealing the evidence before him is supported by the precedents. On appeal the presumption is conclusive that the ruling of the trial court was warranted by the evidence heard by it when considering the motion for new trial. Fisher v. State, 5 S. W. (2d) 996. Part of the alleged newly discovered evidence is cumulative of the conceded fact that Bill Turner was an accomplice witness and in part tends to impeach his credibility. There was no abuse of discretion in overruling the motion for new trial. Cooper v. State, 103 Tex. Crim. Rep. 226; Vernon's Tex. C. C. P., 1925, Vol. 3, pp. 29–30, notes 32–33.

The bill of exceptions is imperfect but if given full effect the evidence sought was not of importance such as would warrant a reversal. From the bill it appears that counsel asked in what business other than farming the witness Bill Turner was engaged. As shown by the motion for new trial the answer expected was that he peddled meat. It is suggested that the facts covering the matter are set out in the motion for new trial. That a motion for new trial cannot be made a substitute for a bill of exceptions has been a rule of practice throughout the history of the court. See Jones v. State, 9 S. W. (2d) 347; Ramos v. State, 298 S. W. Rep. 431; Holmes v. State, 293 S. W. Rep. 571; Holliday v. State, 100 Tex. Crim. Rep. 226; Burrell v. State, 11 S. W. (2d) 795.

Upon the record before us, we are constrained to overrule the motion for rehearing.

*Overruled.*