IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 30, 2007

## MICHAEL L. McKILLIP v. JIM MORROW, WARDEN, TENNESSEE STATE PENITENTIARY, and STATE OF TENNESSEE

**Appeal from the Circuit Court for Bledsoe County**
**No. 25-2007     Buddy D. Perry, Judge**

---

**No. E2007-01225-CCA-R3-HC - Filed December 21, 2007**

---

The pro se petitioner, Michael L. McKillip, appeals as of right the Bledsoe County Circuit Court's summary dismissal of his petition for a writ of habeas corpus. The petitioner was convicted of aggravated sexual battery pursuant to his guilty plea in the Shelby County Criminal Court and received a sentence of fifteen years as a Range II offender to be served at one hundred percent. He alleges that he is entitled to habeas corpus relief because the trial court erroneously allowed him to plead outside his range and because the 1989 Criminal Sentencing Reform Act violates the United States Supreme Court's holding in <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531 (2004). The trial court summarily dismissed the petition for failure to state a cognizable claim. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P.  3 Appeal as of Right;  Judgment of the Circuit Court is Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and DAVID G. HAYES, JJ., joined.

Michael L. McKillip, Pikeville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General & Reporter; and Cameron L. Hyder, Assistant Attorney General, attorneys for appellee, State of Tennessee.

**OPINION**

The petitioner was originally indicted for several sexual offenses involving allegations of an ongoing sexual relationship between himself and his daughter occurring when the child was between eleven and thirteen years old. The petitioner entered a guilty plea to one count of aggravated sexual battery with an agreed sentence of fifteen years as a Range II offender, which was outside the petitioner's qualifying range and above the statutory minimum of twelve years. The petitioner filed

Motion for Correction or Reduction of Sentence which was denied by the trial court. He also unsuccessfully filed a petition for post-conviction relief. In this petition for a writ of habeas corpus the petitioner asserted at the trial court level that his sentence is illegal because the trial court should not have imposed a sentence outside his appropriate range classification. The habeas corpus court summarily dismissed the petition for writ of habeas corpus based upon its finding that the petitioner's claim was not cognizable in a habeas corpus proceeding. On appeal he asserts that the summary dismissal was erroneous and that the trial court should have declared him indigent and appointed counsel. As an additional basis of relief, he claims that his sentence is illegal because it was imposed in contravention to Blakely. The state counters that the trial court correctly denied habeas corpus relief.

ANALYSIS

Tennessee law provides that "[a]ny person imprisoned or restrained of his liberty under any pretense whatsoever . . . may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment." Tenn. Code Ann. § 29-21-101. Habeas corpus relief is limited and available only when it appears on the face of the judgment or the record of proceedings below that a trial court was without jurisdiction to convict the petitioner or that the petitioner's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). To prevail on a petition for a writ of habeas corpus, a petitioner must establish by a preponderance of the evidence that a judgment is void or that a term of imprisonment has expired. See State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). If a petition fails to state a cognizable claim, it may be dismissed summarily by the trial court without further inquiry. See State ex rel. Byrd v. Bomar, 214 Tenn. 476, 483, 381 S.W.2d 280, 283 (1964); Tenn. Code Ann. § 29-21-109. We note that the determination of whether to grant habeas corpus relief is a matter of law; therefore, we will review the trial court's finding de novo without a presumption of correctness. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001).

We agree with the state's assertion that the petitioner claim regarding offender classification is not cognizable in a habeas corpus proceeding when the offender classification was a bargained-element of the plea agreement. State v. McConnell, 12 S.W.2d 795, 797-98 (Tenn. 2000). Regarding the Blakely allegation, we initially note that the petitioner is precluded from changing or from raising additional allegations for the first time on appeal. State v. Adler, 71 S.W.3d 299, 303 (Tenn. Crim. App. 2001). Furthermore, the petitioner's Blakely claim would render the judgment of conviction merely voidable, not void, and therefore is not cognizable in a habeas corpus proceeding. See Billy Merle Meeks v. Ricky J. Bell, Warden, 2007 WL 4116486, No. M2005-00626-CCA-R3-HC, at *12 (Tenn. Crim. App. Nov. 13, 2007). As previously stated, the trial court may summarily dismiss a petition for a writ of habeas corpus without further inquiry when the petition fails to state a cognizable claim. Therefore, it was unnecessary for the trial court to determine the petitioner's indigence. For the foregoing reasons, we affirm the trial court's summary dismissal of the petition for a writ of habeas corpus.

CONCLUSION

Upon thorough review, we conclude that the trial court correctly dismissed the petition for a writ of habeas corpus.  The judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE