IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 25, 2009

**ROBERT CUMMINS v. JIM MORROW, WARDEN**

**Appeal from the Circuit Court for Bledsoe County**
**No. 88-2007     Buddy D. Perry, Judge**

_____

**No. E2008-00228-CCA-R3-HC - Filed August 20, 2009**

_____

The Petitioner, Robert Cummins, appeals the denial of habeas corpus relief by the Circuit Court for Bledsoe County. The Petitioner pled guilty to second degree murder, a Class A felony, and received a thirty-year sentence as a Range II, multiple offender to be served at one hundred percent. On appeal, he contends the trial court erred in dismissing the petition. He claims that an illegal sentence is a proper ground to allege in a habeas corpus petition, that his guilty plea was unknowingly and involuntarily entered, that his sentence is illegal because it does not conform to Tennessee Code Annotated sections 40-35-112(a)(1) (2006) and 40-35-501(i)(1), (2)(B) (2006), and that he received the ineffective assistance of counsel because trial counsel should have known the sentence was illegal. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Robert Cummins, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; and James Michael Taylor, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case arises from the robbery and killing of the victim by the Petitioner and two others. A jury convicted the Petitioner of first degree felony murder and sentenced him to life imprisonment. On appeal, this court found the trial court erred in not instructing the jury on the lesser included offenses of first degree felony murder, and it reversed the conviction and remanded the case for a new trial. State v. Robert A. Cummins, No. W2000-00277-CCA-R3-CD, Shelby County (Tenn. Crim. App. Aug. 10, 2001). On remand, the Petitioner pled guilty to second degree murder as a Range II, multiple offender, and was sentenced to thirty years in the Department of Correction.

In 2007, the Petitioner filed a pro se petition for habeas corpus relief in which he contended that he did not know he was pleading guilty as a multiple offender to what he claims was an illegal sentence of thirty years to be served at one hundred percent. He states in the petition that because he had no prior criminal convictions, he should have been sentenced as a Range I, standard offender, and that because his sentence of thirty years exceeds the range of fifteen to twenty-five years for Range I offenders convicted of a Class A felony, his sentence is illegal. Also in his petition, he asserts Tennessee Code Annotated section 40-35-501(i)(1) was amended in 2002 to repeal the one hundred percent service for defendants convicted of second degree murder and to replace it with a sixty percent release eligibility. He relies on McConnell v. State, 12 S.W.2d 795 (Tenn. 2000), for his claim that the trial court imposed an illegal sentence.

The trial court denied relief after finding the Petitioner had not stated a claim for habeas corpus relief. The trial court held that a Range II sentence imposed as a result of a plea bargain was valid if the plea was voluntarily and knowingly made, although a defendant would otherwise qualify to be a Range I, standard offender. See Hicks v. State, 945 S.W.2d 706 (Tenn. 1997). The trial court stated that a claim of an involuntary and unknowing guilty plea was cognizable in a proceeding for post-conviction relief, not in a habeas corpus proceeding. The trial court stated that the sentencing court had jurisdiction to impose the thirty-year sentence because the sentence was within the range of punishment for Class A felonies, which spans from fifteen to sixty years. The trial court also stated that the Petitioner's claim regarding a sixty-percent release eligibility was incorrect pursuant to Code section 40-35-501(i)(1) (2006) (amended 2007) and that the Petitioner's judgment reflected the proper classification of one hundred percent service for second degree murder.

On appeal, the Petitioner contends the trial court erred in dismissing the petition. The State responds that the trial court correctly dismissed the petition because the Petitioner failed to demonstrate that the trial court lacked jurisdiction to impose the sentence. The State asserts the Petitioner failed to show that the trial court was without jurisdiction to impose a thirty-year sentence as a Range II, multiple offender, that the trial court was without jurisdiction to impose a sentence with one hundred percent service, and that the Petitioner's allegedly involuntary and unknowing guilty plea was a cognizable ground for habeas corpus relief.

The determination of whether habeas corpus relief should be granted is a question of law which we review de novo on appeal. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2001). Habeas corpus relief will be granted when the Petitioner can show that a judgment is void, not merely voidable. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). To this end, a writ of habeas corpus is granted only "when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (citing Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993)). The burden is on the Petitioner to establish by a preponderance of the evidence that the judgment is void or that a sentence has expired. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000); State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291-92 (1964). If the Petitioner carries this burden, he is entitled to immediate release relative to that judgment. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). However, the trial court may dismiss a petition for writ of habeas corpus without an evidentiary hearing and without

appointing a lawyer when the petition does not state a cognizable claim for relief. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); State ex rel. Edmondson v. Henderson, 421 S.W.2d 635, 636-37 (1967); see also T.C.A. § 29-21-109 (2000).

We conclude the trial court properly denied relief in view of the Petitioner's failure to demonstrate that the trial court lacked jurisdiction to impose the Petitioner's Range II, thirty-year sentence with one hundred percent service or that his sentence has expired. We note that the Petitioner's claims of an involuntary and unknowing guilty plea and the ineffective assistance of counsel are not cognizable grounds in Tennessee for habeas corpus relief. Archer v. State, 851 S.W.2d 157, 163 (Tenn. 1993) (unknowing plea); Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994) (ineffective assistance of counsel). Those claims, if proven, would render the judgment voidable, not void. See Summers v. State, 212 S.W.3d 251, 255-256, 258 (Tenn. 2007) (stating that a "voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity," while a "void judgment is one that is facially invalid because the court did not have the statutory authority to render such judgment," and that when a Petitioner must testify regarding his or her "knowledge and understanding of the plea agreement," the judgment is voidable, not void).

Next, the Petitioner has not shown that his sentence was illegal as imposed. He relies on language from a 2002 bill from the Tennessee House of Representatives that would have permitted offenders convicted of certain crimes, including second degree murder, to have a sixty-percent release eligibility. However, this bill was not enacted. See T.C.A. § 40-35-501(i)(1), (2)(B) (2003, Sentencing Comm'n Cmts.); see also T.C.A. § 40-35-501(i)(1), (2)(B) (2006) (amended 2007) (both statutes require one hundred percent service time for second degree murder conviction). Additionally, the Petitioner misconstrues McConnell v. State, 12 S.W.3d 795 (Tenn. 2000). In McConnell, the Tennessee Supreme Court held that the trial court erred in imposing a sentence based on the 1982 Criminal Sentencing Reform Act when the 1989 Criminal Sentencing Reform Act applied for offenses committed after a certain date. In that case, the 1989 Sentencing Act provided a minimum and maximum sentence length, which was a jurisdictional issue for the trial court in imposing a sentence. McConnell, 12 S.W.3d at 798 (stating that sentencing is "jurisdictional" and that a court is without jurisdiction to impose a sentence "higher or lower than the statutorily authorized punishment"). The supreme court distinguished between "the subjects of plea bargaining," consisting of offender classifications and release eligibility, and "the length of a sentence." Id. at 798. The supreme court stated that the valid sentencing act "establishes the outer limits within which the State and a defendant are free to negotiate, and the courts are bound to respect those limits." Id. at 799. The court reaffirmed that if a sentence was within the statutory minimum and maximum sentences for a particular sentencing range, then an appellate court could affirm a sentence that was within the particular range, even if the defendant would otherwise qualify for a lesser offender status, for example, Range I offender status. See id. at 798; Hicks v. State, 945 S.W.2d 706, 707 (Tenn. 1997) (construing State v. Mahler, 765 S.W.2d 226, 227 (Tenn. 1987)). If the sentence is not within the length between the minimum and maximum sentences for a particular range, the sentence must be vacated. McConnell, 12 S.W.3d at 798. Additionally, a defendant can "waive the range classification as part of a negotiated guilty plea." Hicks v. State, 945 S.W.2d at 708. In the Petitioner's case, the judgment reflects the Petitioner was sentenced as a Range II,

multiple offender to thirty years' confinement. Class A felony sentences for a Range II, multiple offender range from twenty-five to forty years. T.C.A. § 40-35-112(b)(1) (2006). Because the Petitioner was sentenced to punishment falling within the Range II, multiple offender spectrum for a Class A felony, his sentence was proper. See McConnell, 12 S.W.3d at 798; Hicks v. State, 945 S.W.2d at 707; Mahler, 765 S.W.2d at 227. He is not entitled to relief.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.


_____
JOSEPH M. TIPTON, PRESIDING JUDGE